SPENCER D. C. VAN BOKKELEN, Respondent, *v.* GEORGE F. TAYLOR et al., Appellants.

In an action to foreclose a bond and mortgage, by their terms given by defendant T. as collateral security for a promissory note held by plaintiff, said defendant pleaded a release. The court found that plaintiff executed and delivered to T. an instrument under his hand and seal, whereby, for value received and for the consideration of one dollar, he released T. from all indebtedness, "whether on book account, note of hand or any other way." Defendant excepted to the finding, that the release was under seal. The release was produced on the trial; in the copy contained in the case it appeared to have been signed by various creditors of T., and opposite each signature in the place appropriate for a seal was a revenue stamp. *Held,* that in the absence of evidence that these stamps were not used as seals, the findings of the court, based on an inspection of the instrument, could not be disturbed; and that the terms of the release covered the indebtedness in controversy.

Also, *held,* that evidence of declarations made at the time, tending to show that the release was executed upon conditions not expressed therein, was incompetent.

A creditor joining with others in a release, on its face absolute, unconditional and binding, cannot reserve to himself any secret advantage or impose a condition that the release shall be operative only on the condition that all the creditors join.

*It seems,* that a composition with a debtor, in which several creditors have united, is valid as a release without being under seal.

*Van Bokkelen* v. *Taylor* (2 Hun, 138) reversed.

(Argued April 26, 1875 ; decided May 25, 1875.)

APPEAL from order of the General Term of the Supreme Court in the second judicial department, reversing a judgment in favor of defendants entered upon a decision of the

court at Special Term, and granting a new trial. (Reported below, 2 Hun, 138.)

This action was brought to foreclose a bond and mortgage executed by defendants Taylor and wife to plaintiff. It was stated in the mortgage that it was executed as collateral security for the payment of a promissory note executed by defendant Taylor to plaintiff, and that upon the payment of said note the mortgage should be canceled of record and void. Said defendant pleaded a release under seal.

The court found that on the twenty-third day of June, plaintiff being the holder of the bond, mortgage and promissory note, and holding himself out to the said Taylor as the owner thereof, made, executed and delivered to Taylor " an instrument in writing, under his hand and seal, whereby for value received and in consideration of one dollar by said George F. Taylor in hand paid to the said plaintiff, the receipt whereof was thereby acknowledged, the said plaintiff did release the said George F. Taylor from all indebtedness due by him to the said plaintiff, either on book account, note of hand, or in any other way, bearing date prior to January 1, 1868."

And, as matter of law, that the plaintiff was not entitled to judgment on said bond, mortgage or note, but that Taylor was entitled to judgment that said instruments be delivered up to be canceled, and that plaintiff execute a discharge of the mortgage.

The printed copy of the release in the case appeared as follows:

" We, the undersigned, creditors of George F. Taylor, of Brooklyn, State of New York, for value received and in consideration of one dollar by him in hand paid to each of us, the receipt whereof is hereby acknowledged, do release him from all indebtedness due by him to us, either on book account, note of hand, or in any other way, bearing date prior to January 1st, 1868.

" Spencer D. C. Van Bokkelen,          :···· ······:
                                        : 2 cent :
                                        : Internal Rev. :          $3,500."
                                        : Stamp. :
                                        : S. D. C. V. B. :
                                        : June 23, '68. :
                                        :············:

The signatures of other creditors followed, with a similar stamp opposite each name. There was no other evidence set forth in the case as to whether or not the release was under seal.

*Samuel Hand* for the appellants. It was not necessary that the release executed by plaintiff should be under seal, and good faith to the other creditors who signed the release estopped him from claiming that it released only a part of his claim or fictitious claims. (*Bradley* v. *Gregory*, 2 Camp., 383; *Stienman* v. *Magnus*, id., 124; *Fellows* v. *Stevens*, 24 Wend., 294; *Stearns* v. *Tappin*, 5 Duer, 294; *Hall* v. *Merrill*, 9 Abb., 116; 5 Bosw., 266.) A writing actually delivered, extinguishing a right, cannot be controlled by parol. (1 Metc. [Ky.], 285; 1 Barb. Ch., 379.)

*Jesse Johnson* for the respondent. The debt having been secured by sealed instruments, could not be released except by an instrument also under seal. (Story on Con., § 992; 2 Pars. on Con. [6th ed.], 712; Cowen's Tr. on Jus. Pr., §§ 1108–1112; *Jackson* v. *Stackhouse*, 1 Cow., 122; *Headley* v. *Goundry*, 41 Barb., 279; *Cornell* v. *Masten*, 35 id., 157, 161; *Allen* v. *Jaquish*, 21 Wend., 628, 631; *Eddy* v. *Graves*, 23 id., 82; *Dodge* v. *Crandall*, 30 N. Y., 294, 304, 306.) The release did not include the bond and mortgage. (Story on Con., § 643; 2 Pars. on Con. [6th ed.], 501 *u*, 719 *a*; *Jackson* v. *Stackhouse*, 1 Cow., 122; *Hoes* v. *Van Horen*, 1 Barb. Ch., 379; *Kitts* v. *Massasoit Ins. Co.*, 56 Barb., 177; *Van Alstyne* v. *Van Alstyne*, 28 N. Y., 375, 378; Cowen's Tr., § 110; *McIntire* v. *Williams*, 1 Edw. Ch., 34; *Tripp* v. *Vincent*, 3 Barb. Ch., 613.) The parol evidence offered as to the condition annexed to the delivery of the release, was improperly rejected. (*Seymour* v. *Cowing*, 4 Abb. Ct. App. Dec. 200; *N. Y. Ex. Co.* v. *De Wolf*, 31 N. Y., 273; *Warrall* v. *Munn*, 1 Seld., 229; *Jackson* v. *Richards*, 15 Wend., 617; *Gilbert* v. *N. Am. F. Ins. Co.*, 23 id., 43; *Graves* v. *Dudley*, 20 N. Y., 77; *Chouteau* v. *Suydam*, 21

id., 179, 181; *Bronson* v. *Noyes*, 7 Wend., 188, 191; *Ford* v. *James*, 2 Abb. Ct. App. Dec., 159; *Chester* v. *Bk. of Kingston*, 16 N. Y., 336; *Murdock* v. *Gilchrist*, 52 id., 242; *Fonda* v. *Sage*, 48 id., 173; *Crosby* v. *Hillier*, 24 Wend., 280; *Hoag* v. *Owen*, 60 Barb., 34; *Carnes* v. *Platt*, 7 Abb. [N. S.], 42.)

Rapallo, J.    The court found as facts, that on the 23d of June, 1868, the plaintiff being the holder of the bond, mortgage and promissory note set out in the complaint, executed and delivered to the defendant Taylor an instrument in writing, under his hand and seal, whereby, for value received and in consideration of one dollar, the plaintiff released said Taylor from all indebtedness due by him to the plaintiff, either on book account, note of hand, or in any other way, bearing date prior to January 1, 1868, and the court decided, as matter of law, that defendant was entitled to judgment.

There can be no question but that the facts found are sufficient to sustain this conclusion. But the plaintiff excepts to the findings that the release was under seal, and also to the findings that, at the time of its execution, the plaintiff was the holder of the bond, mortgage and note, claiming that prior to the execution of the release they had been assigned by him to his brother, Adrian H. Van Bokkelen.

The release purported to be signed by the plaintiff and various other creditors of the defendant Taylor. It was produced before the court on the trial, and the court could decide from inspection whether or not it was under seal. No oral evidence on the subject is contained in the case. The only ground upon which the exception to this finding rests is, that in the printed copy of the release contained in the case, a two-cent internal revenue stamp appears opposite the signature of each creditor, in the place appropriate for a seal. There is nothing in the case to show that these stamps were not used as seals, or laid over some substance capable of receiving an impression, and employed for that purpose. In the absence of any such evidence the finding of the court,

based upon an inspection of the instrument, cannot be disturbed. The release however, being a composition by creditors in which several united, would have been operative without a seal.

The terms of the release cover the indebtedness in controversy. The bond and mortgage were dated March 14, 1857, and were given as collateral security for the payment of a promissory note dated on the same day, of which the defendant was maker, and the plaintiff payee, for $2,500, payable twelve months after date. A copy of the note is inserted in the mortgage; the mortgage states that it is given as security for the payment of that note, and a clause is contained in the mortgage to the effect that on payment of the note the mortgage is to be void, and to be canceled of record.

The evidence as to the time of the assignment of the mortgage to Adrian H. Van Bokkelen is conflicting. The assignment is dated in December, 1860, but is clearly shown not to have been actually executed until August 8, 1868, or afterward. It is claimed that this written assignment was made for the purpose of effectuating a prior parol assignment, and that Adrian H. Van Bokkelen was in fact the holder of the mortgage in January, 1868, and on the 23d of June, 1868, the date of the release. The evidence on this point being conflicting, and the General Term not having reversed on questions of fact, the finding of the court at the trial is conclusive.

The ground of reversal stated in the opinion delivered at General Term, was the exclusion of evidence offered by the plaintiff of certain declarations made at the time of the execution of the release. A witness who was present on the occasion, was asked the following questions: "Do you recollect whether there was any understanding at that time as to any conditions annexed to this release?" "What was said at that time, if any thing, as to its validity unless all the creditors signed it?" "What was said, if any thing, as to its validity in connection with all the creditors signing it?" "Was there any thing said at the time this paper was given

as to when it should take effect, or upon what considerations it should take effect?" These questions were excluded, and exceptions taken.

We think that these questions were properly excluded. They sought to incorporate in the instrument, by oral evidence, a condition not expressed in the writing. The release on its face purported to be absolute and unconditional, and binding upon all the creditors who should sign it, and to be intended for execution by creditors of the releasee other than the plaintiff, as well as by him. The plaintiff signed first, and his signature was an inducement to others to follow. One creditor cannot reserve to himself under such circumstances, any secret advantage, or impose upon his releasee any condition not apparent on the face of the instrument. If it was intended that the release should be operative only in case all of the defendant's creditors should join in it, that condition should have been expressed in the instrument. The evidence offered plainly pointed at establishing such a condition by cotemporaneous oral declarations, and was, on that ground, objectionable. The court at General Term express the opinion that the evidence was admissible for the purpose of proving that the defendant knew, at the time of the delivery of the release, that the mortgage in question belonged to the plaintiff's brother, and could not be released by the plaintiff, and was not covered by the release. No such purpose was stated when the evidence was offered; the questions asked do not indicate any such purpose, but quite a different one, and on an examination of the case it appears that many questions were put for the purpose indicated by the court, and all such questions were allowed and answered. The subjects of the assignment to the plaintiff's brother, and of the defendant's knowledge thereof, and of what claims were intended to be embraced in the release, and how the amount of $3,500 set opposite the plaintiff's name was made up, were fully gone into on the trial, and both parties testified at length in respect thereto, contradicting each other on almost every material point. No material evidence offered

on those subjects appears to have been rejected. The questions excluded evidently were not aimed at them.

We find no error of law in the judgment rendered at Special Term. The order of the General Term should be reversed, and the judgment at Special Term be affirmed, with costs.

All concur.

Order reversed, and judgment accordingly.