## COURT OF APPEALS.

ARTHUR A. BROWN, plaintiff and respondent, agt. HORACE K. THURBER *et al.*, defendants and appellants.

*Written agreement — when may be controverted or varied by parol evidence.*

The rule that when an agreement between parties is reduced to writing, it cannot be controverted or varied by parol evidence, applies only to parties to the agreement. But when persons not parties to the agreement, and in no way connected therewith, are interested like judgment creditors, for

example, to show what the agreement was, they may resort to parol evidence to show what the real transaction in fact was, notwithstanding the writing.

*Decided May* 20, 1879.

APPEAL from New York common pleas.

*Nelson Smith*, for appellants.

*Benjamin Estes*, for respondent.

PER CURIAM. — It is needful only that we should state briefly our reasons for the reversal of the judgment appealed from.

1. At the time the ale was delivered to Healy he gave the following receipt, dated May 1, 1872, and signed by him : "Received from the Long Island Brewery, No. 83, &c. (to remain the property of A. A. Brown until paid for), eighteen casks of ale — stock." Healy was a retail liquor dealer in the city of New York. The defendants obtained judgment against Healy, and levied upon and sold so much of this ale as Healy had not sold at retail. The plaintiff claiming that he had only stored the ale with Healy, and that he had not paid for it, commenced this action for the conversion thereof. It became important, therefore, for the defendants to show, if they could, that the ale was actually sold upon credit to Healy and not stored with him, or that it was delivered to him to be retailed and paid for after thus sold. As bearing upon these points, defendants' counsel asked plaintiff, upon cross-examination, this question: "State to me, if you know, what Healy said to you when he called at your brewery in Brooklyn, just prior to the 1st of May, 1872, in reference to these particular ales."

Plaintiff's counsel objected to this question, " on the ground that the agreement was in writing, and that is the best evidence ; " and the court sustained the objection. In this there

Brown agt. Thurber *et al.*

was error. It is clear, from the ruling and other proceedings upon the trial, that the court tried the case upon the theory that the receipt embodied the agreement between the plaintiff and Healy, and was the only evidence and conclusive evidence thereof. The rule that when an agreement between parties is reduced to writing it cannot be controverted or varied by parol evidence, applies only to parties to the agreement. But when persons not parties to the agreement, and in no way connected therewith like these defendants, are interested to show what the agreement was, they may resort to parol evidence to show what the real transaction in fact was. This error was in no way cured by other evidence given.

2. While defendants were thus prohibited from showing what the real transaction was, the plaintiff, against the objection of the defendants, was permitted to show that he kept a storage book; that these ales were entered therein, and that his storage book was a simple memorandum book for keeping an account of ale stored. These entries were no part of the *res gestæ.* They were simply the declarations of the plaintiff in his own favor, and the proof was not competent against these defendants.

The judgment of the common pleas must be reversed, and the order of the general term of the marine court must be affirmed, and judgment absolute given for the defendant, * with costs.

Earl, Folger, Rapallo and Andrews, JJ., concur Miller, J., reads for affirmance, and with Church, Ch. J., and Danforth, J., dissent.

* The portion of the decision making the judgment absolute, was, upon motion, changed to an award of a new trial. [Rep.