JOHN H. KENNEY, Respondent, *against* JOHN W. AITKEN *et al.*, Appellants.

(Decided February 7th, 1881.)

Where a deed of trust recites an indebtedness on the part of the plaintiff to the defendants in a certain sum, for the payment of which he had given

four promissory notes, the last of which is described as of even date with the deed, and conveys certain property upon trust to secure the payment of the notes, in an action brought by the plaintiff upon a contemporaneous agreement that the defendants should repay to him the sum of $400 represented by the last note, as the value of certain property conveyed by the deed which was exempt from execution, to recover a part of that sum claimed to be due, it is error to permit the plaintiff to give parol evidence of such agreement contradicting the recitals contained in the trust deed.

APPEAL from a judgment of the general term of the marine court of the city of New York, affirming a judgment of that court entered on the verdict of a jury, and an order denying a motion for a new trial.

On the 24th of July, 1879, John H. Kenney and wife, of Washington city, made, executed and delivered a deed of trust to Eugene H. Munger of the city, county and state of New York. This deed contained the following recitals:

" Whereas, said John H. Kenney now stands and is justly and *bona fide* indebted unto the firm of Aitken, Son & Co., of New York, in the sum of one thousand one hundred and ninety-seven 40-100 (1,197.40-100) dollars, for the payment of which the said John H. Kenney has heretofore made and delivered and now hath made and delivered his four promissory notes, two bearing date the 21st of February, 1879, each for $161.45, and payable respectively at six and nine months after date; one dated April 1st, 1879, for $474.50, and payable four months after date; and the fourth and last bearing even date herewith for $400, payable four months after date; all payable to the order of said Aitken, Son & Co. (which firm is composed of John W. Aitken and Archibald McLintock).

" And whereas, said parties of the first part are anxious to secure the full and punctual payment of the said note with interest, when due and payable."

And then goes on and conveys certain property mentioned in the schedule attached to the deed as security for the indebtedness above recited. John H. Kenney, the plaintiff in this action, claims that it was agreed at the time of the execution of this deed, that Aitken, Son & Co., the defendants, should pay to him the sum of $400 which was to be represented by

the $400 note mentioned in the foregoing recitals, and the defendants having only paid the sum of $50, this action was commenced in the marine court to recover the balance. The defendants claimed upon the trial that no such recovery could be had, and that no such agreement was ever made as testified to by the plaintiff. The jury having rendered a verdict for the sum of $160, and a motion by the defendants for a new trial having been denied, from the judgment entered upon such verdict the defendants appealed to the general term of the marine court, by which the judgment was affirmed; and from such affirmance the defendants appealed to this court.

*A. H. Joline*, for appellants.

*H. C. Dennison*, for respondent.

VAN BRUNT, J.—[After stating the facts as above.]—I have been unable to discover any principle upon which the plaintiff could be allowed to contradict the recitals contained in the trust deed. It is true that a party has the right to recover unpaid consideration mentioned in a deed, but there is no principle upon which a recital of a fact in a deed can be controverted by parol testimony, and it is equally well settled that independent parol agreements in addition to the terms and conditions of a deed cannot be established. The cases of *Wilson* v. *Deen* (74 N. Y. 531), and *Von Borkelen* v. *Taylor* (62 N. Y. 105), clearly establish this proposition.

In the case of *Cocks* v. *Barker* (49 N. Y. 107), it was held that the recital in the bond of a fact, although the existence of that fact formed the consideration for the execution of the bond, was a substantive part of the agreement, and not like the consideration clause of a conveyance or other instrument which might within certain limits be explained and varied by parol.

The plaintiff in this action seeks to add to the deed of trust another and different agreement from that which is contained in the recitals. In the case of *Decker* v. *Judson* (16 N. Y. 439), and in *Levi* v. *Dorn* (28 How. Pr. 217), it is also distinctly

held that the parties to an agreement are bound by its recitals.

In view of these authorities it was error to permit the plaintiff to offer evidence which contradicted. the recitals contained in the trust deed.

The judgment must therefore be reversed and a new trial ordered, with costs to abide the event.

CHARLES P. DALY, Chief Justice.—I fully agree with Judge VAN BRUNT. The plaintiff himself introduced and proved the trust deed he had executed to secure his indebtedness to the defendants, which was stated in the deed to be $1,197.47; for the payment of which, he had given his four promissory notes, one of which, for $400, was declared, by the instrument, to have been given at the execution of the deed, and made payable four months thereafter; and yet, after having given this instrument in evidence, the plaintiff was allowed, under the defendants' objection, and in direct violation of the rule that parol contemporaneous evidence is inadmissible to contradict or vary the terms of a valid written instrument, to prove by his own oral testimony, that, instead of his being indebted to the defendants as he had declared in the instrument, upon the said note, for $400, the defendants, after the execution of the instrument, were on the contrary indebted in that amount to him; that the agreement between him and the trustee was, that the indebtedness should be put in the trust deed at $1,197.47, instead of $797, the real amount, with the understanding and agreement, between the trustee, acting for the defendants, and the plaintiff, that the defendants, after the execution of the instrument, were to pay him the amount of this difference ($400), of which he had received $50; and upon this evidence, in direct contradiction to the written instrument, he recovered against the defendants in this action, a judgment for $297.16.

There could not be a more clear and palpable violation of the rule, than is presented upon this state of facts. Nor, in view of the plaintiff's oral account of the transaction, and the contradiction of his account by his own attorney who drew the

trust deed and the defendant Aitken, a better illustration of
the wisdom of holding parties to what they have put in writ-
ing in the instruments executed by them, except in those cases
of mutual mistake or fraud, which entitle a party to be re-
lieved in equity, from the legal effect of the writing. This
was not a case of mutual mistake, for the plaintiff admits, by
the evidence given by him, that he deliberately allowed a state-
ment to be put in the trust deed, which he knew to be untrue.
He testifies that his stock and fixtures were valued, at the time
of the execution of the deed, at $6,500; that his debts were
about $3,000; and that he gave a trust deed of all this property
to secure a debt due to the defendants, for only $797.47, in-
creasing the amount to $1,197.47, upon an assumed promissory
note of $400. That this was done because he was entitled to
an exemption by the laws of the District of Columbia of $400,
which he would lose by the voluntary execution of a trust
deed; and that this private arrangement was made so that he
might be enabled to get back the $400 from the defendants.
He testified first, that the stock was taken (valued) at $4,400,
and the fixtures at $2,000, making together, $6,400, or as he
called it, $6,500. He afterwards testified, on the redirect, that
the value of the stock on hand, delivered to the trustee, was
$200; and the fixtures were worth $1,800; and afterwards,
that the goods sold at the trustee's sale for $1,780. This testi-
mony was allowed to take the place of the written statement,
and to support a judgment against the defendants, in direct
violation of what was expressed in the instrument. In other
words, parties' rights, instead of being determined by the writ-
ten instrument which the plaintiff had executed, were disposed
of upon conflicting oral testimony. If this could be allowed,
there would be little value or security in written instruments,
the effect of which might be wholly destroyed by oral testi-
mony, leaving the rights to be determined, not by the instru-
ments, but by the uncertain result of conflicting testimony.

BEACH, J., concurred.

Judgment reversed and new trial ordered, with costs to
abide event.