| 76 551 |
| 151a 564 |
| 76 551 |
| 13ap599 |

HAROLD    J.    EMMETT,    Respondent,    *v.*    WILLIAM    J.    PENOYER, Appellant.

*Written contract — varied by parol proof — acknowledgment of receipt of consideration — rule excluding parol evidence not available to a third person.*

As a general rule all negotiations leading to a written contract are merged in it, and parol evidence is not, as between the parties thereto, admissible to vary or modify its terms, but when some of the elements of the agreement are not embraced within the writing, the terms so omitted, as well as undertakings collateral to it, may be shown by parol proof, but such proof to be competent must be consistent with the terms contained in the writing made by the parties to express their agreement *pro tanto.*

Such rule is not necessarily applicable to evidence offered to prove the purpose for which an instrument purporting to have been executed as a contract was made, and to show that it was or has become inoperative for such purpose.

A mere receipt is not treated as a contract, and the rule is not applicable to it.

The provision of a written instrument acknowledging the receipt of the consideration is not conclusive, but is open to explanation, and the consideration may be shown by parol proof to be other than that expressed and be proved to be unpaid.

The rule excluding parol evidence to vary or contradict a written agreement is applicable only to the contracting parties and their privies. It is not available to a stranger.

Upon the purchase by one Penoyer of certain property from one Emmett, an instrument in writing was executed and delivered to Penoyer, of which the following is a copy :

"W. J. Penoyer bought of H. J. Emmett the marble counters, marble floor, glass and silver show case, desk, mirrors and all personal property * * * now in said store No. 309 Fourth avenue, N. Y., it being a part originally bought of W. J. Penoyer and since purchased, $2,500.

"New York, *Dec.* 10, 1891.                    H. J. EMMETT.

"Witness: W. R. HITCHCOCK."

*Held,* that the terms of such memorandum of sale were not subject to modification by parol proof.

APPEAL by the defendant, William J. Penoyer, from a judgment of the Supreme Court in favor of the plaintiff, entered in the office of the clerk of the county of Genesee on the 5th day of September, 1893, upon the verdict of a jury for $832.70, after a trial at the Genesee Circuit, and also from an order entered in said clerk's office on the 5th day of September, 1893, denying the defendant's motion to set aside the verdict, and for a new trial made upon the minutes.

The plaintiff having in January, 1890, purchased of the defendant the stock of goods, furniture, etc., of a drug store in the city of New York, carried on the business there until in December, 1891, when he resold to the defendant and executed and delivered to him a bill of sale of which the following is a copy :

." W. J. Penoyer bought of H. J. Emmett the marble counters, marble floor, glass and silver show case, desk, mirrors and all personal property * * * now in said store No. 309 Fourth avenue, N. Y., it being a part originally bought of W. J. Penoyer and since purchased, $2,500.

"New York, *Dec.* 10, 1891.                    H. J. EMMETT.

"Witness: W. R. HITCHCOCK."

The plaintiff alleges that the defendant agreed in consideration of the sale to him to surrender the plaintiff's notes held by him, and in addition to pay the plaintiff $1,000 as soon as the defendant made sale or transfer of the property, and that afterwards, in March, 1892, the defendant did make sale of it and became liable to pay that sum to the plaintiff.

The defendant admits that he purchased the goods and thereafter sold them, and he puts in issue the other allegations of the complaint. He also alleges a counterclaim.

*Isaac N. Miller*, for the appellant.

*John F. Dorthy*, for the respondent.

BRADLEY, J.:

The main question here is whether oral proof to the effect that the defendant agreed to pay the plaintiff $3,500 instead of $2,500 for the goods was admissible.

The proposition of fact arising upon the conflicting evidence given in behalf of the respective parties was properly submitted to the jury, unless they were concluded as to the price by the written bill of sale subscribed by the plaintiff.

By that he states that the defendant bought the property, and the price there mentioned is $2,500. After the writing was so executed the defendant delivered up the plaintiff's notes amounting to $2,500 and took possession of the property.

It is urged on the part of the plaintiff that no consideration for the sale is expressed in the writing, and that if the sum so appearing may be treated as the consideration, it was competent to prove by parol that it was different in amount from that so expressed for any purpose other than to impeach the validity of the instrument. The sum so stated in the instrument fairly imports the price for which the sale was made, and no reason is given by the evidence for its application to any other specific purpose. As a general rule all negotiations leading to a written contract are merged in it, and parol evidence is not as between the parties admissible to vary or modify its terms. When, however, some of the elements of the agreement are not embraced within the writing, the terms of it

so omitted as well as undertakings collateral to it may be shown by parol proof. (*Chapin* v. *Dobson*, 78 N. Y. 74; *Routledge* v. *Worthington Co.*, 119 id. 592.)

But such proof to be competent must be consistent with the terms contained in the writing made by the parties to express their agreement *pro tanto*. (*Case* v. *P. B. Co.*, 134 N. Y. 78.)

These are familiar propositions applicable to written contracts made without fraud or duress.

This rule is not necessarily applicable to evidence offered to prove the purpose for which an instrument purporting to have been executed as a contract was made, and to show that it was or has become inoperative for such purpose. That would not tend to contradict or vary its terms. (*Grierson* v. *Mason*, 60 N. Y. 394.) And because a mere receipt is not treated as a contract, the rule before mentioned is not applicable to it. Therefore, the provision of a written instrument acknowledging receipt of the consideration is not conclusive, but is open to explanation and the consideration may be shown by parol proof to be other than that so expressed, and to have been unpaid. (*McCrea* v. *Purmort*, 16 Wend. 460; *Barker* v. *Bradley*, 42 N. Y. 316; *Hebbard* v. *Haughian*, 70 id. 54.) If the instrument in question had contained the acknowledgment of the receipt by the plaintiff of the sum there mentioned, the consideration would properly have been the subject of proof by parol, as it would have been if words to that effect subscribed by him had been added to it.

In that case it may have been treated as a mere receipt. (*Filkins* v. *Whyland*, 24 N. Y. 338; *Buswell* v. *Poineer*, 37 id. 312.)

But, as said by Judge SELDEN in *Terry* v. *Wheeler* (25 N. Y. 523), if the property had not been paid for, and the instrument omitting the receipt had been signed and delivered " as a note or memorandum of the sale, it would then have been the evidence of a contract, executory on one part at least, and not open to explanation by parol." The written memorandum in the present case did not indicate payment or receipt of the consideration, nor was it paid before the instrument was delivered by the plaintiff to the defendant. It was executory on the part of the latter, and purported to state the price he was required to pay for the goods, without any agreement on his part expressed in it to take the property and do so; when he

accepted a delivery of the goods he became liable to pay the price for them. It is true that the bill of sale was drawn by the defendant pursuant to some understanding between the parties, and although the language of the writing imports a past sale, none in fact appears to have been accomplished prior to the time of its execution and delivery to the plaintiff.

It is not seen how the sum there mentioned in its relation to the property and sale as evidenced by the writing can be treated as other than the expression of the price for which the sale and purchase were made.

In *Bonesteel* v. *Flack* (41 Barb. 435) it was held that the terms of a memorandum of sale similar to the one in question were not subject to modification by parol proof. This is in accordance with the general doctrine. And although the question in that case did not have especial reference to the price of the property, it is not seen that any distinction between the provisions in that and any other respect can be observed in the application of the rule against the admissibility of parol evidence to vary the terms of a written contract. (*Engelhorn* v. *Reitlinger*, 122 N. Y. 76; *Thomas* v. *Scutt*, 127 id. 133.) The cases cited by the learned counsel for the plaintiff do not seem to support his contention that the consideration appearing in the bill of sale may be shown by parol to have been greater than there stated. The reason of the rule relating to provisions acknowledging receipt of payment in written instruments is not applicable to that in question. In *McKinster* v. *Babcock* (26 N. Y. 378) the question arose between the mortgagee as plaintiff and the defendant, whose intestate as sheriff had taken the property by virtue of an execution issued upon a judgment against the mortgagor. The defense was founded upon the charge that the mortgage was made in fraud of creditors of the mortgagor. It purported by its terms to have been given to secure the payment of $1,000, which the mortgagor agreed to pay. The defendant proved that the mortgagor did not owe the plaintiff any money, and thereupon the plaintiff was permitted to prove that the mortgage was to secure the latter for his accommodation indorsement of two notes of $500 each. This evidence of the plaintiff was held admissible to show the purpose of the mortgage that it was made in good faith and to support its validity. The evidence

in such case is not treated as contradictory of the terms of a mortgage, but to show its purpose. (*Truscott* v. *King*, 6 N. Y. 147; *Chester* v. *Bank*, 16 id. 336; *Miller* v. *Lockwood*, 32 id. 293; *Hutchins* v. *Hebbard*, 34 id. 24; *Bainbridge* v. *Richmond*, 17 Hun, 391; 78 N. Y. 618.) The doctrine of the *McKinster* case, that when a mortgage is attacked by creditors of the mortgagor its consideration and its purpose are open to explanation to uphold it, is approved in *Ham* v. *Van Orden* (84 N. Y. 269).

And the rule excluding parol evidence to vary or contradict a written agreement is applicable only to the contracting parties and their privies. It is not available to a stranger to it. (*Coleman* v. *Bank*, 53 N. Y. 388; *McMaster* v. *Insurance Co.*, 55 id. 222; *Dempsey* v. *Kipp*, 61 id. 462; *Brown* v. *Thurber*, 58 How. 95; 77 N. Y. 613.)

It is not claimed that the bill of sale in question was made for any purpose other than to sell the property mentioned in it to the defendant. Nor does it come within the principle of any cases to which our attention has been called permitting parol proof to vary its terms, nor is there any ambiguity which seems to permit it. And as the price there mentioned is deemed subject to the same rule as any other portion of the instrument in that respect, the conclusion follows that the exception to the parol evidence to prove that the price was not correctly stated, and that it was greater was well taken. If, as treated at the trial, it had been open to such explanation, the verdict would have been deemed supported by the evidence.

The conclusion here rests solely upon the question of law. And with a view to enable the plaintiff, if he is so advised, to have a review without another trial, the questions of fact are determined in his favor.

The judgment and order should, upon the exceptions, be reversed, and a new trial granted, costs to abide the event.

DWIGHT, P. J., LEWIS and HAIGHT, JJ., concurred.

Judgment and order reversed (on questions of law only) and new trial granted, costs to abide the event, the questions of fact being considered and determined in favor of the plaintiff.