(117 App. Div. 762)

## STURMDORF v. SAUNDERS et al.

(Supreme Court, Appellate Division, Second Department.    March 8, 1907.)

**1. TRIAL—TAKING CASE FROM JURY.**

Where, after completion of the testimony, which was conflicting, defendant moved to dismiss the complaint upon the merits, and plaintiff moved for the direction of a verdict, defendant could not, after the denial of his motion and the granting of plaintiff's motion, claim that the case should have been submitted to the jury.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 46, Trial, § 400.]

**2. EVIDENCE — PAROL EVIDENCE — CONTRADICTING WRITTEN INSTRUCTIONS— MORTGAGES.**

Where a chattel mortgage conditioned for the payment of $4,500 recited that such sum was the amount for which the mortgagors were indebted to the mortgagee, extrinsic evidence was inadmissible to show that at the time of giving such mortgage the mortgagors were not indebted to the mortgagees for such amount.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 20, Evidence, §§ 1912–1928.]

Appeal from Trial Term, Kings County.

Action by William Sturmdorf against Ebenezer M. Saunders, as executor of Franklin E. Saunders, deceased, and others. From a judgment for plaintiffs, and from an order denying defendant Saunders' motion for new trial, defendant Saunders appeals. Judgment and order affirmed.

Argued before HIRSCHBERG, P. J., and JENKS, HOOKER, GAYNOR, and MILLER, JJ.

L. T. Fetzer, for appellant.

I. S. Lambert and William H. Good, for respondents.

MILLER, J.  The plaintiff was the holder of a chattel mortgage conditioned for the payment of the sum of $4,500, which the mortgage recited was the sum in which the mortgagors were then indebted to the plaintiff.  In consideration of the satisfaction of said mortgage, the testator of the defendant Saunders gave the plaintiff the written guaranty sued upon, in which he guarantied the payment of the indebtedness then owing the plaintiff by the said mortgagors, which it was agreed should not exceed the sum of $3,000.  The plaintiff claimed upon the trial that said mortgage indebtedness of $4,500 had been reduced to the sum of $2,499.86, which, with interest, was the amount recovered, and he sought to establish the amount due by proving an account stated.  The testimony respecting the alleged settlement of the accounts was disputed.  At the close of the evidence the defendant moved to dismiss the complaint upon the merits.  This motion was denied.  The plaintiff then moved for a direction of a verdict, and after some discussion this motion was granted.  The defendant did not request the submission of the case to the jury, and cannot now claim that that course should have been followed.  Dillon v. Cockcroft, 90 N. Y. 649.

The defendant sought to show that at the time of giving the chattel mortgage the mortgagors did not owe the plaintiff as much as $4,500, and the exception to the exclusion of this evidence presents the only

question for consideration on this appeal. The appellant's argument is based upon the familiar rule that the consideration of an executory agreement is always open to explanation. That rule must always be considered in connection with the equally familiar rule that a written contract complete in itself is deemed to have been intended by the parties to be the sole repository of their stipulations. The consideration of the mortgage was the actual indebtedness. The agreement, as expressed in writing by the parties, was that, in default of the payment of the sum of $4,500 by the mortgagors, the plaintiff should have the right to take the mortgaged property. Is it possible in such case to substitute a different covenant for the one expressed in the writing, under the guise of inquiring into the consideration? It must seem a work of supererogation to analyze authorities upon this question 70 years after Judge Cowen expressed surprise upon finding the question so far open (see McCrea v. Purmort, 16 Wend. 460–465, 30 Am. Dec. 103); but so many refinements have been indulged in on the subject that a loose application of the points actually decided in some cases may seem to justify the appellant's contention. Hence I have deemed it proper to show that adherence to the rule in this case is required by authority.

In De Mott v. Benson, 4 Edw. Ch. 297, and Gardner v. Winterson, 17 App. Div. 630, 45 N. Y. Supp. 590, it seems to have been assumed that the debt secured by the mortgage could be shown to have been less than the amount stated in the writing. In addition to De Mott v. Benson, supra, the appellant cites Truscott v. King, 6 N. Y. 147; Chester v. Bank of Kingston, 16 N. Y. 336; McKinster v. Babcock, 26 N. Y. 378; Youngs v. Wilson, 27 N. Y. 351; Barker v. Bradley, 42 N. Y. 316, 1 Am. Rep. 521; Hebbard v. Haughian, 70 N. Y. 54; Baird v. Baird, 145 N. Y. 659, 40 N. E. 222, 28 L. R. A. 375; Emmett v. Penoyer, 76 Hun, 551, 28 N. Y. Supp. 234, 151 N. Y. 564, 45 N. E. 1041. In Truscott v. King and McKinster v. Babcock, supra, the court dealt with the validity of a lien created by judgment and chattel mortgage, respectively, when attacked by other lienors. One of the opinions reported in Youngs v. Wilson, supra, contains the following expression:

"The real consideration of mortgages or deeds may be shown by parol, though different from that expressed in the instrument."

That case, however, simply dealt with the validity of a mortgage conditioned to secure liabilities the amount of which was not expressed. Barker v. Bradley, supra, dealt with a case in which the writing was given in part performance of a verbal agreement, and, of course, it was held competent to prove the verbal agreement. Hebbard v. Haughian, supra, was an action brought to recover the purchase price agreed to be paid on the transfer of certain letters patent, and it was held that the consideration clause of the deed was open to explanation and variance by parol proof. For earlier cases illustrating the application of the same principle, see Adams v. Hull, 2 Denio, 306; Wheeler v. Billings, 38 N. Y. 263. In Baird v. Baird, supra, the court applied the rule that it was competent to show the condition upon which the instrument was delivered, and that the receipt of such evidence did not operate to vary the terms of the instrument, but merely to show the purpose for which it was delivered and the circumstances under

which it could have effect. That case was decided upon the same rule that controlled the decision in Grierson v. Mason, 60 N. Y. 394, Davis v. Bechstein, 69 N. Y. 440, 25 Am. Rep. 218, and Higgins v. Ridgway, 153 N. Y. 130, 47 N. E. 32, and cases cited, and is analogous to the case of Chester v. Bank of Kingston, supra, which applied the familiar rule permitting proof that an instrument in terms absolute was delivered only as security. Emmett v. Penoyer, supra, was decided upon the point that the writing was not complete and that the parol proof objected to simply supplied the incomplete term. The Court of Appeals differed from the General Term in that case only upon the construction of the writing, and agreed that, assuming the writing to have been complete, the lower court was correct in its application of the principle that the written engagement of the parties could not be changed by parol proof. Chapin v. Dobson, 78 N. Y. 74, 34 Am. Rep. 512, and Van Brunt v. Day, 81 N. Y. 251, illustrate the application of the rule that agreements collateral to and independent of the written agreement may be shown by parol.

The foregoing cases illustrate the situations in which the general rule does not apply, and upon a superficial examination some of them may seem to be controlling in this case, because it may seen that, if proper to defeat the instrument by showing want of consideration or a condition of delivery preventing its taking effect, it ought to be permissible to defeat it in part, and that, if the defendant could show in the case at bar that the mortgagors owed the plaintiff nothing, he ought to have been permitted to show that they only owed a part of the sum stated; but showing that there is no contract at all is a different thing from varying the stipulations of an enforceable contract, and, while that distinction may seem rather refined, it exists, and is made plain by Judge Vann in Thomas v. Scutt, 127 N. Y. 133, 27 N. E. 961. That case is ample authority for the support of the judgment in the case at bar, because, while the facts are not the same, precisely the same principle is involved. In that case the attempt was to show that an absolute bill of sale was intended only as security, and according to the general rule this could have been shown; but the court held that by the express terms of the contract it appeared that the parties had agreed to an absolute sale, and to the application of the proceeds of the sale, and that, therefore, such express stipulations were not subject to variance by parol proof. The case of McCrea v. Purmort, supra, distinguished a receipt from a release, and held that the consideration clause recited in a deed was merely a receipt—i. e., the evidence of a fact—and could be contradicted; and it was pointed out that a release could not be contradicted, because it extinguished the debt, and was not merely the evidence of such extinguishment. Applying that logic, whenever a recital of consideration in an instrument is merely the evidence of a fact, it is subject to explanation; but when it is a substantive part of the contract, embraced within the covenant of one of the parties, it cannot be thus contradicted. The following cases are in point only as showing the general application of the rule that the covenants of the parties as expressed in their written contracts cannot be altered by parol proof: Van Bokkelen v. Taylor, 62 N. Y. 105; Wil-

son v. Dean, 74 N. Y. 531; Eighmie v. Taylor, 98 N. Y. 288; Corse
v. Peck, 102 N. Y. 513, 7 N. E. 810; Engelhorn v. Reitlinger, 122
N. Y. 76, 25 N. E. 297, 9 L. R. A. 548; House v. Walch, 144 N. Y.
418, 39 N. E. 327; Mead v. Dunlevie, 174 N. Y. 108, 66 N. E. 658.

In Ferris v. Hard, 135 N. Y. 354–363, 32 N. E. 129, it was held prop-
er to show the real purpose of a mortgage; but Judge Peckham was
careful to point out that the evidence in that case did not change the
liability of the party signing the mortgage. In Patchin v. Pierce, 12
Wend. 61, it was held, Nelson, J., writing for the court, that parol
proof was not admissible to vary the sum specified in the condition of
the mortgage, or to show that it exceeded the amount justly due the
mortgagee. While that case was decided upon the authority of earlier
cases, some of which were subsequently overruled, I do not find that it
has been questioned as an authority upon the proposition decided by
it. In Coon v. Knap, 8 N. Y. 402, 59 Am. Dec. 502, it was held that
the rule permitting a receipt to be explained by parol had no applica-
tion where the receipt was a contract between the parties. In Kenney
v. Aitken, 9 Daly, 500, it was held that a recital in a deed of trust of
the indebtedness which it was given to secure could not be contradicted
by parol proof. That case was decided upon the authority of Cocks v.
Barker, 49 N. Y. 107, which held that the recital in a bond of the con-
sideration for which it was given was a substantive part of the agree-
ment, and not open to explanation or variance by parol. It is difficult, if
not impossible, to distinguish those two cases from the case at bar. In
Gerard v. Cowperthwait, 2 Misc. Rep. 371, 21 N. Y. Supp. 1092, it was
held that it was not competent to show by parol proof any conditions ex-
cept those stated in the bond upon which the action was brought, under
the guise of inquiring into the consideration of the instrument. The opin-
ion in that case contains an exhaustive review of the authorities, and its
reasoning applies with full force to the case at bar. It was affirmed,
without opinion, in 143 N. Y. 637, 37 N. E. 827. In Riley v. Riley,
83 Hun, 398, 31 N. Y. Supp. 753, Mr. Justice Bradley discussed the
precise question applicable here, and what he said can be adopted
as decisive of this case. It was there held that it was not competent
under the rule permitting inquiry into the consideration clause of an
instrument to enlarge the covenant of the party against whom the evi-
dence was offered. Of course, the converse of the proposition must be
equally true—that by like means the covenant of the party in whose
favor the evidence was offered could not be cut down. In Marsh v.
McNair, 99 N. Y. 174, 1 N. E. 660, it was held that the rule permitting
proof that a conveyance absolute in terms was intended as security
only had no application to an instrument containing covenants, and that
in such case the admission of the evidence had the effect of changing
the agreement of the parties as expressed in the instrument.

While it does not clearly appear, I imagine the defendant in the case
at bar wanted to show that the sum stated in the contract was an ar-
bitrary sum intended to cover the actual indebtedness which had not
then been computed; but the mortgage is a complete instrument, and,
unless the writing be treated merely as evidence of the contract, and not
as the contract itself, the general rule should be adhered to, and I think

there is less danger of being overrefined in adhering to the rule than in attempting to create exceptions to it.

The judgment and order should be affirmed, with costs. All concur.