THE HOCKING VALLEY RAILWAY COMPANY, Respondent, *v.* JULIA ADELAIDE BARBOUR and Others, as Executors, etc., of WILLIAM BARBOUR, Deceased, Appellants.

First Department, July 2, 1920.

Sales — right to sell goods to third person after prior buyer has brought action for failure to deliver same — bond — consideration — sale of goods to third person as consideration for bond to indemnify seller against claim of former buyer — sealed executory agreement — right to show failure of consideration — right to show different consideration.

After the buyer of goods has commenced an action against the seller for breach of contract for failure to deliver, the seller has the right to sell the goods and to give title thereto to any one purchasing the same.

The sale of goods to a third person after an action has been instituted by the original buyer for failure to deliver, constitutes a sufficient consideration for a bond given by said third person to indemnify and save harmless the seller from any claim that may be made by the original buyer.

A seal is only presumptive evidence of consideration, and it may be shown in respect of a sealed executory agreement that the consideration recited was not in fact paid, and that there was no consideration for the obligation assumed.

The obligee under a sealed executory contract may show that there was in fact a consideration for the obligation assumed, even though the consideration shown be at variance with the consideration recited in the instrument.

This rule is applicable to written instruments, whether or not under seal, and the consideration expressed may be varied or contradicted where the sole purpose is to support the obligation assumed by one of the contracting parties.

Accordingly, where the consideration recited in a bond is the performance on the part of the person to be indemnified of a contract of sale which

already existed, it may be shown that the consideration for the bond was the entering into a contract of sale between the party to be indemnified and the principal, at the time of the execution of the bond.

GREENBAUM, J., dissents, with opinion.

APPEAL by the defendants, Julia Adelaide Barbour and others, as executors, from an order of the Supreme Court, made at the New York Special Term and entered in the office of the clerk of the county of New York on the 3d day of May, 1920, denying the defendants' motion for judgment on the pleadings consisting of a complaint and an answer.

*John H. Corwin* of counsel [*Harris, Corwin, Moffat & Schek*, attorneys], for the appellants.

*G. H. Dorr* of counsel [*J. H. Purdy, Jr.*, and *A. von Bernuth* with him on the brief], *Rearick, Dorr & Travis*, attorneys, for the respondent.

SMITH, J.:

This case was before us upon a former appeal from a judgment holding that the complaint did not state a cause of action. The Hocking Valley Railway Company owned about 2,500 gondola coal cars. They sold to the Central Locomotive and Car Works 2,100 of said cars. They were left with about 350 or 400 cars. Thereafter they sold to one Wardwell 300 of these gondola cars which they had left after the sale to the Central Locomotive and Car Works. Under the complaint as it now stands, there was a dispute between the Hocking Valley Railway Company and Wardwell as to when the 300 cars were to be delivered, the Hocking Valley Railway Company refusing to deliver them at the time claimed by Wardwell to be specified in the contract, and Wardwell brought an action against the Hocking Valley Railway Company in Illinois to recover damages for a breach of the contract. That action was brought upon the 2d day of April, 1913. Upon the 3d day of April, 1913, plaintiff made a contract to sell these cars to the Central Locomotive and Car Works and a bond was executed by the defendants' testator, indemnifying the Hocking Valley Railway Company from all damages, costs and expenses in any action so claimed by Wardwell against them for failure to deliver these 300

cars contracted to be delivered to Wardwell. In the bond it was recited as follows:

" The condition of the foregoing obligation is such that whereas The Hocking Valley Railway Company, through its President, sold to the Central Locomotive & Car Works all of a certain series of cars, known as thirty-ton coal cars, numbered 1 to 1,500; 1,900 to 2,499 and 14,000 to 15,499, and

" Whereas, through mistake, three hundred of said cars were subsequently sold to H. F. Wardwell, and

" Whereas, if The Hocking Valley Railway Company will carry out its contract with the Central Locomotive & Car Works, the said Central Locomotive & Car Works is willing to enter into a bond, with security, to indemnify and save harmless the Hocking Valley Railway Company from any claim, suit or damage that made be made or claimed by H. F. Wardwell."

The obligation of the bond is then assumed. The facts hereinbefore stated in this opinion are alleged in the complaint in the action, and after the commencement of the suit by Wardwell these cars were in fact sold to the Central Locomotive and Car Works, and the consideration for the giving of the indemnity bond is stated to be the sale of the said cars to said Central Locomotive and Car Works.

Upon the allegations of the complaint, it seems to me that a cause of action is stated. After a controversy between the Hocking Valley Railway Company and Wardwell as to the sale by them and their refusal to deliver as demanded by Wardwell, and his bringing of an action for damages against the Hocking Valley Railway Company for a breach of contract, the Hocking Valley Railway Company had the right to sell these cars and could give title thereto to any one purchasing the same. In the amended complaint the consideration of this bond is stated to be the sale of these cars to the Central Locomotive and Car Works. That constitutes a sufficient consideration for any obligation assumed, either by the Central Locomotive and Car Works, or by Barbour, as surety therefor.

The claim of the defendants, however, is that upon the recital in the bond this obligation of the Hocking Valley Railway Company to sell and deliver all of these cars to the Central Locomotive and Car Works was assumed long before

the sale to Wardwell, and long before the giving of this bond of indemnity, and upon that state of facts it would be clear that with the obligation of the Hocking Valley Railway Company to make delivery of these cars under its contract to sell, the giving of this bond of indemnity would be without consideration. It is further claimed that the plaintiffs are not at liberty to show consideration by showing any other facts than those stated in the bond, and, therefore, plaintiff is not at liberty to show that these cars were not included in the original purchase and were only sold to the Central Locomotive and Car Works upon the consideration of the giving of this bond.

The complaint in this case differs materially from the complaint upon the former appeal. Upon the former appeal the complaint as it then stood recited specifically that the consideration of the bond of indemnity was the sale of these cars to the Central Locomotive and Car Works after the sale to Wardwell, " and the refusal of the plaintiff to deliver to said Henry F. Wardwell any of said three hundred of its gondola cars which it was obligated to deliver to said Henry F. Wardwell." That we held rendered the bond invalid because it was a consideration which was against public policy. Under that allegation the bond was given to induce the Hocking Valley Railway Company to break its contract with Wardwell. Under the present complaint, however, it is stated that the consideration was the sale to the defendants of these cars, and it was further alleged that the cars were not sold to the Central Locomotive and Car Works until after the contract had been breached between the Hocking Valley Railway Company and Wardwell and Wardwell had recognized its breach by bringing an action for damages therefor. The complaint, therefore, now states a cause of action, if the plaintiff may show a consideration at variance with the consideration stated in the bond. That the consideration in a written contract may be explained or modified where the purpose of oral testimony offered therefor is to show the validity of the obligation assumed, is held in the cases cited in the opinion of the court when this action was here upon the former appeal (190 App. Div. 341). The appellants here

do not assert any other rule than applies to written contracts generally by reason of the fact that this contract is under seal, nor do I think under the authorities such contention if made could prevail.

In 24 Ruling Case Law (at p. 696) it is said: " The amount and kind of consideration acknowledged in a sealed instrument is presumed to be the consideration agreed upon; but it may be shown by parol evidence that a different kind or amount of consideration had been agreed upon."

In 4 Wigmore on Evidence (§ 2433), quoted by appellants in their brief, it is said: " By an application of principle similar to the foregoing, a recital of consideration received, when it occurs in a deed of grant, is usually intended merely as a written acknowledgment of the distinct act of payment, being there inserted for convenience.    Hence it is not an embodiment of an act *per se* written, and may be disputed like any other admission.    But the statement of a consideration may, on the other hand, sometimes be itself an operative part of a contractual act,— as when in the same writing the parties set out their mutual promises as considerations for each other; here the word ' consideration ' signifies a term of the contract, and hence the writing alone can be examined."

The claim of the appellants upon this argument would seem to be that the recital as to the promise to Wardwell constitutes a contractual element by which the parties were bound within the citation from Wigmore.    But the contractual element there referred to is simply a contractual element between the parties to the instrument.    Whether or not the plaintiff had agreed to sell to the Central Locomotive and Car Works all of its cars prior to this sale to Wardwell was, as far as this contract is concerned, merely the recital of a fact and the recital is not so to be changed for the purpose of impeaching the obligation but for the purpose of supporting the obligation.

In *McCrea* v. *Purmort* (16 Wend. 460) the law is thus stated: " The consideration clause in a deed, that is, the clause acknowledging the receipt of a certain sum of money as the consideration of the conveyance or transfer, is open to explanation by parol proof.    Thus where the consideration in a deed conveying lands was expressed to be money paid, it was held,

that parol evidence was admissible to show that the considera-
tion, instead of money, was iron of a specified quantity,
valued at a stipulated price.  It seems, according to the
American cases, that the only effect of a consideration clause
in a deed is to estop the grantor from alleging that the deed
was executed without consideration; and that for every other
purpose it is open to explanation, and may be varied by parol
proof." The logical foundation for this rule is to my mind
irresistible.  Under the Code of Civil Procedure (§ 840) in an
executory instrument the seal now is only presumptive evi-
dence of consideration.  A party may, therefore, show in respect
of a sealed executory agreement that the consideration recited
was not in fact paid, and that there was no consideration for
the obligation assumed.  The right of the obligee, therefore,
under such an executory contract logically follows to show that
there was in fact a consideration for the obligation assumed,
even though the consideration shown be at variance with the
consideration recited in the instrument.  The same rule seems
to be applicable to written instruments, whether or not under
seal.  The consideration expressed may be varied or contra-
dicted where the sole purpose is to support the obligation
assumed by one of the contracting parties.  It is not necessary
to discuss to what extent they may be varied if any, when the
object of the evidence is to create an obligation at variance with
that expressed in the instrument.  That question is not here
presented.  The consideration stated upon the face of the
instrument was not sufficient to support the instrument,
because the consideration as stated was the performance of
an obligation which already existed on the part of the Hocking
Valley Railway Company.  Upon the pleadings as presented
upon the prior appeal as before stated this plaintiff sought to
avoid this difficulty by alleging that part of the consideration
for the giving of this bond was the breach by the plaintiff of its
contract with warranty, which was held could be shown, but
that if shown it would constitute an illegal consideration
which would be insufficient to support the obligation of
the defendants' testator.  The allegation of the complaint
is that all the facts were well known to the obligor of the
bond at the time of the signing of the bond.  While the
facts as alleged in the present complaint materially differ from

the facts alleged in the first complaint, our only concern is as to whether the facts now alleged are sufficient to constitute a cause of action.

We believe with the Special Term that they are sufficient, and the order should, therefore, be affirmed, with ten dollars costs and disbursements.

CLARKE, P. J., LAUGHLIN and MERRELL, JJ., concur; GREENBAUM, J., dissents.

GREENBAUM, J. (dissenting):

Upon the former appeal in this action, referred to in the prevailing opinion, the court then said per SMITH, J.: " It has generally been held that the true consideration stated in a written obligation may always be shown by parol for any purpose other than that of changing the obligations imposed by the instrument upon the other party to the contract. (*Sturmdorf* v. *Saunders*, 117 App. Div. 762; *Wheeler* v. *Billings*, 38 N. Y. 263; *Arnot* v. *Erie R. Co.*, 67 id. 315; *Miller* v. *McKenzie*, 95 id. 575; *Mills* v. *Dow*, 133 U. S. 423.) Under this rule they might show what the actual purpose of the bond was and the consideration for which it was given. The actual consideration here as alleged in the complaint is the delivery of these cars, which had, in fact, been contracted for by Wardwell, to the Central Locomotive and Car Works, which would involve an inducement to this plaintiff to break this contract, admittedly made with Wardwell. This, to my mind, is an illegal consideration and an illegal purpose, which the courts will not enforce."

The plaintiff in its amended complaint now rests its cause of action upon allegations which tend to contradict and not to explain the conditions and recitals which are expressed in the bond. The purpose of the new allegations in the amended complaint obviously is to eliminate the recitals in the bond which make it an illegal instrument. This is manifest from a perusal of the complaint and particularly paragraph " twentieth " thereof, in which it is calmly alleged that the recitals in the bond " are incorrect, contrary to fact, and untrue " without even the slightest attempt to explain or allege that these recitals were innocently or inadvertently made, that is to say, that they were not intended by the parties to be made.

The facts were peculiarly within the knowledge of the parties and the falsity of the recitals must have been manifest to them at the time that the bond was executed. It must be assumed in view of the absence of any explanation as to how they came to have been written, that they were deliberately and knowingly made by the parties. Under these circumstances no testimony would be competent on the part of the plaintiff which would enable it to escape from the consequences of the alleged false recitals.

The prevailing opinion quotes from Wigmore on Evidence (Vol. 4, § 2433). But to my mind it seems to ignore the effect to be given to the concluding portion of the quotation which reads as follows: " But the statement of a consideration may, on the other hand, sometimes be itself an operative part of a contractual act,— as when in the same writing the parties set out their mutual promises as considerations for each other; here the word ' consideration ' signifies a term of the contract, and hence the writing alone can be examined." The recitals of the bond in question are that the Hocking Valley Railway Company sold to the Central Locomotive and Car Works all of a certain series of cars known as thirty-ton coal cars, etc., and that: " Whereas through mistake, three hundred of said cars were subsequently sold to H. F. Wardwell, and whereas, if the Hocking Valley Railway Company will carry out its contract with the Central Locomotive & Car Works, the said Central Locomotive & Car Works is willing to enter into a bond, with security, to indemnify and save harmless the Hocking Valley Railway Company from any claim, suit or damage that may be made or claimed by H. F. Wardwell."

We have thus a statement of a consideration between the parties in which the plaintiff promises to carry out its contract with the Central Locomotive and Car Works and to break its contract with Wardwell, in consideration of giving the bond of indemnity in suit to the plaintiff. To my mind the consideration comes within the rule expressed in Wigmore above quoted. It was a substantive part of the contract within the rule stated in *Sturmdorf* v. *Saunders* (117 App. Div. 762; affd., 190 N. Y. 555), where the court states that " Whenever a recital of consideration in an instrument is

merely the evidence of a fact it is subject to explanation, but when it is a substantive part of the contract, embraced within the covenant of one of the parties, it cannot be thus contradicted." (See, also, *Cocks* v. *Barker*, 49 N. Y. 110.)

The futility of plaintiff's position is manifest by a reading of the bond if we omit the recitals which are stated to be untrue. The condition part of the bond would then read as follows: " The condition of the foregoing obligation is such that the said Central Locomotive & Car Works is willing to enter into a bond, with security, to indemnify and save harmless the Hocking Valley Railway Company from any claim, suit or damage that may be made or claimed by H. F. Wardwell." Such a condition is entirely meaningless and expresses no consideration whatsoever.

The *prima facie* presumption of consideration raised by the seal is rebutted by plaintiff's own contradiction of the expressed consideration.

The courts will not sanction such a jugglery as will here result by permitting parol proof, not in explanation of the recitals which form a consideration of the bond, but in the wiping out of the recited consideration upon the bare statement that they are false and untrue in fact without alleging any mistake of the parties or any circumstance which would indicate that the statements were inadvertently made.

It seems to me that the motion should have been granted and the complaint dismissed.

· Order affirmed, with ten dollars costs and disbursements.