RUDOLF M. BAYERTHAL, Appellant, v. RUTH BAYERTHAL, Respondent.— In an action upon a separation agreement, order granting defendant's motion for judgment on the pleadings, dismissing plaintiff's complaint, and the judgment entered thereon, reversed on the law, without costs, and the motion denied, without costs. The allegation contained in plaintiff's complaint, that the agreement which is the subject of the action was made in consideration of "other good and valuable consideration", and the recital to like effect in the agreement, which is made a part of the complaint, are sufficient to withstand a motion for judgment on the pleadings. (*California Packing Corp.* v. *Kelly S. & D. Co.*, 228 N. Y. 49.) The consideration of a written instrument is always open to inquiry, and a party may show that the design and object of the agreement were different from what the language, if alone considered, would indicate. (*Hutchison* v. *Ross*, 262 N. Y. 381; *Baird* v. *Baird*, 145 N. Y. 659; *Hocking Valley Railway Co.* v. *Barbour*, 192 App. Div. 654.) Plaintiff may, if such was the case, establish on trial that the agreement was not in contravention of the provisions of section 51 of the Domestic Relations Law. (Cf. *Greenfield* v. *Greenfield*, 161 App. Div. 573; *Winter* v. *Winter*, 191 N. Y. 462.) Order denying motion for an examination before trial, insofar as appealed from, reversed on the law, without costs. The Special Term denied the motion on the sole ground that the contract on which the action was brought was void as against public policy. The motion is remitted to the Special Term for consideration and determination on its merits. Lewis, P. J., Carswell, Johnston, Adel and Nolan, JJ., concur.

ELIAS GRANICH, Respondent, v. ISAAC STOLOVITZ, Appellant.— Order denying defendant's motion to vacate the note of issue herein and to strike the issue from the calendar affirmed, with $10 costs and disbursements. No opinion. Lewis, P. J., Johnston, Adel, Aldrich and Nolan, JJ., concur. [See *post*, p. 852.]

FRANK PIPITONE, Appellant, v. STANDARD FRUIT & STEAMSHIP COMPANY, Respondent.— Action to recover damages for personal injuries sustained as the result of the alleged negligence of defendant in the discharge of its duty of inspection set forth in its agreement with the United States of America, whereby the latter, as owner, assigned a ship to defendant as general agent. Plaintiff, present on this ship as an employee of a repair company, was struck by a falling boom. After rendition of a jury verdict for plaintiff, the complaint was dismissed on motion of defendant, made at the close of the plaintiff's case and renewed at the close of the entire case, determination of which had theretofore been reserved. Order dismissing the complaint and setting aside a verdict in plaintiff's favor, and the judgment entered thereon, reversed on the law and a new trial granted, with costs to abide the event. Breach of duty of defendant to plaintiff, consisting, in effect, of furnishing a defective bolt (*Pedersen* v. *Stockard S. S. Corp.*, 268 App. Div. 992) would constitute actionable misfeasance rather than nonfeasance. (*Mollino* v. *Ogden & Clarkson Corp.*, 243 N. Y. 450; *Moch Co.* v. *Rensselaer Water Co.*, 247 N. Y. 160, 167; *Ellis* v. *McNaughton*, 76 Mich. 237; Mechem on Agency [1st ed.], § 572; 2 Am. Jur., Agency, § 325.) The court has considered the questions of fact and has decided that in any event it would grant a new trial since the finding implicit in the verdict that the accident was caused by the breaking of a defective bolt is against the weight of the credible evidence. Lewis, P. J., Hagarty, Carswell, Adel and Nolan, JJ., concur.