(30 App. Div. 598.)

### McCREA v. CONNOR.

(Supreme Court, Appellate Division, First Department. June 10, 1898.)

MORTGAGE FORECLOSURE—DEFENSES.

In an action to foreclose a mortgage it was set up in defense, and not by way of counterclaim or set-off, that the property was formerly owned by plaintiff's assignor, subject to a certain mortgage; that it was agreed between him and the defendant that the former should convey it to the latter free and clear; that the latter should give back the mortgage in suit for $16,000, subject to a prior mortgage for $40,000, which he might place thereon to secure a building loan; that the land was so conveyed, but still incumbered with the original mortgage, and the mortgage in suit was executed in return, but that, through the breach of the agreement to convey free and clear, defendant had been unable to secure the proposed building loan, of which the plaintiff, as assignee, had notice. *Held*, that these facts constituted no defense to the foreclosure, defendant's appropriate remedy, if any, being an action against plaintiff's assignor for breach of contract.

Appeal from special term, New York county.

Action by William G. McCrea against Peter J. Connor, impleaded with others. From the judgment, Connor appeals. Affirmed.

Argued before BARRETT, RUMSEY, INGRAHAM, and McLAUGHLIN, JJ.

L. J. Morrison, for appellant.
William G. McCrea, in pro. per.

INGRAHAM, J. The action was brought to foreclose a mortgage. The complaint alleges the execution by the defendant Connor and wife to the plaintiff's assignor of the mortgage sought to be foreclosed; that the mortgaged premises are subject to a certain mortgage to secure the payment of the sum of $2,000 and interest, now held by the defendant the Yellow Pine Company, which was a lien on said premises prior to the lien of the plaintiff's mortgage; and that the amount of that mortgage should be allowed to the Yellow

Pine Company, and deducted from the amount which shall be due and owing to the plaintiff. The answer admits the execution of the mortgage sought to be foreclosed, alleges that the said bond and mortgage were given in pursuance of a scheme or plan for the purpose of building on the property mentioned in said mortgage; that the mortgagee agreed "at the same time to do certain specific things, to give this defendant a free and marketable title, and also to free the property of liens of all kinds, all of which the said Fanning failed and neglected to do"; that the plaintiff was aware of the equities existing in the premises, and took the assignment of the said mortgage with full knowledge of all the facts; and that he has no knowledge or information sufficient to form a belief as to the other allegations in the complaint. A failure of the mortgagee to perform any agreement that he made subsequent to the execution and delivery of the mortgage was not a defense to the foreclosure of the mortgage. The failure of the mortgagee to perform his agreement might be, if properly pleaded, the basis of a counterclaim or set-off against the amount due under the mortgage; but the conveyance of the property by the mortgagee to the mortgagor was a good consideration for the mortgage, and upon the mortgage becoming due the mortgagor was entitled to maintain his action to foreclose. The defendant proved the making of the agreement between the mortgagee and the defendant Connor, whereby Fanning (mortgagee) agreed to sell to Connor the mortgaged premises, and Connor agreed to purchase from the mortgagee the said premises for the sum of $16,-000 by executing and delivering to the mortgagee a bond and mortgage on said premises to secure that amount, payable in one year from the 1st day of December, 1895, without interest. Said mortgage was to be subordinate to a prior mortgage or mortgages not to exceed $40,000, which were to be subject to the approval of the mortgagee. Fanning further agreed to execute and deliver to the defendant Connor a proper deed conveying to Connor the fee simple of said premises, free from incumbrances, and Connor agreed to deliver to Fanning the bond and mortgage to secure the said sum of $16,-000. Connor further agreed to erect buildings upon the premises, and on their completion to convey one of the buildings to Fanning, free and clear from incumbrances, in which case Fanning was to cancel and discharge the purchase-money mortgage, the said purchase-money mortgage to be the consideration for the conveyance of the said building to Fanning. The defendant further proved a contract made with one Rogers to make a certain loan of $40,000 upon the premises, and the refusal of Rogers to comply with such agreement for various reasons, which included the existence of these incumbrances upon the property. Mr. Rogers, with whom the agreement for the loan of $40,000 was made, testified that he refused to carry out his contract for a building loan because the title was not satisfactory, and that, after the objection was made to it, "by the consent of Connor and Fanning, the matter was called off." It further appeared that at the time this deed from Fanning to Connor and the mortgage in suit were executed Connor knew that there was a mortgage upon the property; that he understood that Fanning

would clear it off at any time that he wanted to, Fanning having told him that there was a mortgage of between $2,500 and $3,000, which Fanning could pay off at any time. The plaintiff, who appeared to have been acting as attorney for that mortgagee at the time, testified that the deed and mortgage in suit were executed at his office, and were left with him; that he was not to record the papers until they could see how they could get rid of the first mortgage. There was no agreement that the mortgages should not be considered delivered, nor was there an understanding that they were delivered in escrow. Finally Connor's attorneys came, and insisted that the deed and mortgage be recorded, and that he (Connor) was going to make some arrangements whereby they would take care of that first mortgage, and buy it off, and charge it up against Fanning; and upon that the papers were recorded. Subsequently the taxes upon the property were paid off by Fanning. Connor testified that he offered to reconvey the property to Fanning, and that Fanning refused; but it appeared that Connor exacted as a condition that Fanning should pay him over $11,000 as damages for a breach of the agreement.

The allegations of the complaint having been admitted by the answer or proved upon the trial, and the answer having set up no affirmative defense, the plaintiff was clearly entitled to judgment; but, even upon the facts proved, there was no defense to the action. Whether or not the plaintiff would be entitled to recover any damages against Fanning, upon the proof before the court, it is not necessary to determine. No offset or counterclaim was alleged in the answer, and there was no evidence to show that any damage was sustained by the defendant by reason of the breach of the contract alleged. After the parties had failed to obtain a loan necessary to enable Connor to complete the buildings, the subsequent proceedings under the contract seem to have been abandoned; and, Fanning having transferred the mortgage, there was no reason why the same should not be foreclosed. Connor had paid nothing for the property, and whatever relief he was entitled to as against Fanning must be determined in an action to recover damages against Fanning for a breach of his (Fanning's) agreement.

We think the judgment was clearly right, and it is affirmed, with costs. All concur.

BARRETT, J. I concur with Mr. Justice INGRAHAM for affirmance. Fanning's breach of the building contract is not pleaded as a counterclaim, but solely as a defense. It may have furnished sufficient ground for a rescission of that contract which would have invalidated the mortgage given under it. But to effectuate this it was necessary for the appellant to tender back his deed of the property. The only formal tender ever made was made long after the appellant learned of the breach, and after he had ratified the contract by attempting to sell the premises. It was also coupled with unjustifiable conditions. The appellant cannot resist the mortgage while retaining the land. He still has his action for damages for the breach of contract.

The contention that the mortgage was delivered in escrow to Fan-
ning's attorney pending a settlement by the latter of the liens on
the property, and that until this was done it acquired no validity,
is met by the appellant's express admission that both deed and mort-
gage were recorded at his request.