(81 Misc. Rep. 338.)

### LAFAYETTE TRUST CO. v. RICHARDS et al.

(Supreme Court, Trial Term, Queens County.  June, 1913.)

1. EVIDENCE (§ 441*)—PAROL—PURCHASE-MONEY MORTGAGE.

Parol evidence of an agreement to improve the mortgaged property is inadmissible to change the terms of a purchase-money mortgage.

[Ed. Note.—For other cases, see Evidence, Cent. Dig. §§ 1719, 1723–1763, 1765–1845, 2030–2047;  Dec. Dig. § 441.*]

2. EVIDENCE (§ 419*)—PAROL—CONSIDERATION.

The rule permitting parol evidence of failure of consideration, does not permit a party to prove by parol a different consideration from that expressed in the instrument sued on, and then to show that such different consideration has failed.

[Ed. Note.—For other cases, see Evidence, Cent. Dig. §§ 1912–1928; Dec. Dig. § 419.*]

3. MORTGAGES (§ 459*)—FORECLOSURE—DEFENSE.

In an action to foreclose a mortgage, damage from breach of a collateral agreement is not available as a defense, when not pleaded in the answer or as a counterclaim.

[Ed. Note.—For other cases, see Mortgages, Cent. Dig. §§ 1343–1347; Dec. Dig. § 459.*]

Action by the Lafayette Trust Company against Sarah A. Richards and another to foreclose a mortgage.  Judgment for plaintiff.

Frank M. Patterson, of New York City (Frederick Mellor, of New York City, of counsel), for plaintiff.

James A. Sheehan, of Brooklyn, for defendants.

CRANE, J.  [1] The defendants seek to reduce the amount due upon the mortgage in this foreclosure case by reason of the failure of the mortgagee to carry out an oral agreement not contained in the written contract of sale.  The mortgage is a purchase-money mortgage, given as part consideration for a deed of the property in question.  The contract in writing entered into and executed by the grantor provided for the conveyance of the property which the defendants had received by the subsequent deed, and for the term of payment, etc.; but nothing was mentioned in the contract pertaining to the matter which the defendant seeks to establish by parol.  It is said that the Somerville Realty Company agreed to extend into and upon the property the improvements of water and gas, and to grade and pave the streets in front thereof.  No mention whatever is made of any such agreement in the contract of sale, or the deed or mortgage.  The mortgagee having failed to pave the streets, the mortgagor seeks to reduce the amount of the mortgage by the damage she has thus sustained. To permit a written contract to be thus amended by reading into it an agreement to improve the property, or to convey something more than is therein stated, would be in violation of the general rule that a

---

written contract cannot be changed or modified by oral testimony. Studwell v. Bush Co., 206 N. Y. 416, 100 N. E. 129; Thomas v. Scutt, 127 N. Y. 133, 27 N. E. 961; Eighmie v. Taylor, 98 N. Y. 288.

[2] The defendant, however, claims that the oral testimony in this case does not change or modify the contract, but is within that exception to the general rule which permits parties between themselves to show the true consideration or a failure of consideration, and cites Baird v. Baird, 145 N. Y. 659, 40 N. E. 222, 28 L. R. A. 375. It will be noted that the defendant does not claim that the consideration expressed in the contract has in any way failed; but she desires to prove a different consideration than that expressed, and then to show that this latter has failed. The contract specifically stated the consideration, in that it contained a full and complete description of the property and a statement of the defendant's agreements to be performed upon a conveyance thereof. Under such circumstances it is not permissible to show a different consideration by oral testimony by including therein property not mentioned. The scope and limitation of the right to show that there was no consideration, when one has been expressed in a written contract, is very well stated in Sturmdorf v. Saunders, 117 App. Div. 762, 102 N. Y. Supp. 1042, where all the authorities are reviewed. To modify a specific statement as to the consideration contained in an agreement, so as to include other and additional property, would wipe out altogether the general rule regarding the variance of written contracts by parol evidence.

[3] If the defendant claims that the oral agreement comes within the exception regarding collateral agreements mentioned in the case of Chapin v. Dobson, 78 N. Y. 74, 34 Am. Rep. 512, then it is sufficient to say that no such claim has been made in the answer, and no counterclaim set up for damages growing out of the failure to keep such agreement. Revoir v. Barton, 71 Hun, 457, 24 N. Y. Supp. 985; McCrea v. Connor, 30 App. Div. 598, 52 N. Y. Supp. 231; De Kay v. Bliss, 120 N. Y. 91, 24 N. E. 300. Judgment is therefore given for the plaintiff, with costs.

Judgment for plaintiff, with costs.