WILLIAM HARLOE *Respondent, v.* DAVID C. FOSTER et al., *Appellants.*

| 53 | 385 |
| 142 | 411 |

Where a creditor unites with others in a release of the debtor, and signs off for a demand which he has previously transferred, he impliedly undertakes to protect the debtor from such demand, and upon payment being enforced against the debtor, he can recover of the creditor; and this is so, although the release was voluntary.

(Argued June 6, 1873 ; decided September 23, 1873.)

APPEAL from order of the General Term of the Supreme Court in the second judicial department, reversing a judgment in favor of defendants, entered upon the decision of the court upon trial at circuit without a jury, and granting a new trial.

This action was brought to recover the amount paid by plaintiff upon a promissory note executed by him to defendants.

The facts sufficiently appear in the opinion.

*J. H. Weeks* for the appellants.

*Homer A. Nelson* for the respondent. Defendants are estopped by release to plaintiff from denying that they held or owned the note . (Herman on Estoppel, §§ 249, 323; *Welland Canal* v. *Hathaway*, 8 Wend., 480.) In a composition deed by creditors, each is obliged to state accurately the condition of his debt. (*Van Brunt* v. *Van Brunt*, 3 Edw. Ch., 14; *Russell* v. *Rogers*, 10 Wend., 473; *Bliss* v. *Mathison*, 45 N. Y., 473.) Plaintiff was entitled to judgment at the circuit. (*Smith* v. *Cuff*, 6 M. & S., 160; *Horton* v. *Reilly*, 11 M. & W., 492; 13 L. J. Exch., 31; *Atkinson* v. *Dinley*, 6 H. & N., 778; *Hawley* v. *Beverly*, 6 Scott N. R., 837; 1 Fisher's Dig., 1654–1663.

RAPALLO, J. The defendants united with the other creditors of Harloe in releasing him from his debts for a nominal consideration. The composition deed recited that Harloe was indebted to his several creditors in the sums set opposite to their respective names, and that the creditors agreed with him and with each other to accept one dollar in full discharge of their respective claims, and contained the usual words of release. The defendants signed this deed and placed opposite to their signature the sum of $1,156.18, which was composed of the $500 note in question and a book debt of $656.18. By so doing they represented that this whole indebtedness still belonged to them, and they assumed and undertook to discharge Harloe from it.

It subsequently appeared that, shortly before the date of the release the defendants had transferred the $500 note to the Fallkill Bank, who afterwards collected it of Harloe, and the question now is, whether by uniting in the composition deed and assuming to release Harloe from his indebtedness upon this note, the defendants did not incur an obligation to protect Harloe from liability upon it, though, at the time of the execution of the deed, it had passed out of their hands.

It is obvious that, if no liability ensued from such a dealing, gross frauds might be perpetrated by creditors in cases of composition or general release. The spirit of such arrange-

ments is that all the creditors joining in the composition shall act with good faith toward each other and the debtor. The rights of creditors, as between themselves in this respect, are carefully protected by the law, and it has often been decided that a creditor joining in such an instrument cannot, even with the consent of the debtor, secretly reserve from the operation of the compromise or release, any portion of his demand, or secure to himself any advantage not apparent upon the face of the deed. (*Russell* v. *Rogers,* 10 Wend, 473 ; *Breck* v. *Cole,* 4 Sand. Sup. Ct. Rep., 79, and cases cited in the opinion of DUER, J.)

How easy would it be to evade the spirit of this rule if a creditor, a portion of whose demand consisted of negotiable paper, might, without incurring any liability, privately transfer the paper just before signing the deed, and then sign for the whole amount of his original claim. The other creditors having released their demands, the paper thus reserved would become the only debt outstanding against the debtor, and might thus be rendered good for its whole face, and it is impossible to say that the other creditors were not influenced to sign by the belief that such paper had also been released.

The only protection against such an evil, and the only interpretation of the intentions of a creditor thus acting, consistent with his integrity, is to hold that when the creditor signs off for a demand which he has previously transferred to another, he impliedly undertakes to protect the debtor against such demand. This was held in the case of *Hawley* v. *Beverley* (6 Scott N. R., 837; S. C., 6 Man. & Gr., 221), and we agree to the correctness of that decision. That case is sought to be distinguished from the present, on the ground that there a dividend was paid to the creditors out of the estate of the debtor, while here the pecuniary consideration for the release was merely nominal. The receipt of a pecuniary consideration makes the case apparently clearer than where the release is voluntary on the part of the creditors, but the principle is the same in both cases. The essential consideration in both is the concurrence of the other credi-

tors, and this alone is sufficient to make the instrument binding upon all.

For these reasons we concur in the decision of the General Term, and affirm the order granting a new trial. It follows that judgment absolute must be rendered against the appellants, pursuant to their stipulation.

All concur.

Order affirmed, and judgment accordingly.