ICHABOD T. WILLIAMS, APPELLANT, *v.* JACOB G SCHREIBER AND OTHERS, RESPONDENTS.

*Compromise by creditors—secret agreement in favor of one—release contained in deed—construction of.*

The firm of C. & E. A. Neidig being in embarrassea circumstances compromised with their creditors by giving new notes for 30 per cent of their indebtedness, indorsed by one Henry Neidig, in consideration of which the creditors released them from the existing debts. Without the knowledge of the other creditors an arrangement was made with the plaintiff (to whom the firm were indebted in the sum of $7,591.54 on notes, certain of which to the amount of $3,500 were indorsed by the defendant) by which he was also to receive, in addition to the 30 per cent., notes of the defendant for $1,500.

In an action upon one of the notes given by defendant, *held*, that the secret agreement, in pursuance of which it was given, was a fraud upon the rights of the other creditors, and that the notes were therefore void.

The deed of compromise provided " but it is expressly understood that nothing herein contained shall be held or understood as relieving or discharging the indorser upon any paper held by either of us."

*Held,* that by the exception contained in the release the parties only intended to retain a claim upon the indorsers as additional security, in case from any cause the compromise should fail.

APPEAL by the plaintiff from a judgment entered after a trial at the circuit where the complaint was dismissed with costs.

The defendants, Charles Neidig and Christian A. Neidig, composing the firm of C. & C. A. Neidig, had been dealing with the plaintiff since 1869, or thereabouts.

Shortly before March, 1875, the firm's indebtedness to the plaintiff was $7,591.54; said indebtedness being evidenced by notes, certain of which, amounting in the aggregate to $3,500 or $3,600, were endorsed by the defendant Jacob G. Schreiber. These endorsed notes were renewals of other unendorsed notes made by said firm for similar amounts.

Shortly before March, 1875, said firm being insolvent, offered to compromise with their creditors by giving to each of said creditors three of their said firm's notes, amounting in the aggregate to 30 per cent. of the respective claims of said creditors, said notes to be endorsed by one Henry Neidig, and made payable one in six, one in twelve, and one in eighteen months from the dates thereof. At first the plaintiff refused to accept this proposition; but at last consented to release both the Neidigs and Schreiber upon receiving the notes above referred to for 30 per cent. of his entire claim, and twelve additional notes, each for $125, to be made by Schreiber and endorsed by said firm. In pursuance of this arrangement the plaintiff, on March 1st, 1875, executed the composition deed. Said deed expressly provided that, " *it is expressly understood that nothing herein contained shall be held or construed as releasing or discharging the endorser upon any paper now held by either of us.*"

This suit was brought to recover on one of said twelve notes. The defendants C. & C. A. Neidig, and the defendant, Schreiber, answered separately, claiming, on the facts, as they are above stated, that the note in suit is void, for want of consideration, and because the receipt by the plaintiff of said twelve notes was a fraud on the other creditors of the Neidigs.

*Albert B. Boardman*, for the appellant. Under the reservation in the deed the notes given by defendant are valid. (1 Steph. N. P., 936; Montague on Composition, 36; Burge on Suretyship, 210; Chit. on Bills [10 Amer. Ed.], 420; Byles on Bills [2 Amer. Ed.], 202; see also *Mallet* v. *Thompson*, 5 Esp. R., 178.)

*Hubbard Henderson*, for the respondents.

Ingalls, J.:

This action was brought to recover upon a promissory note executed under the following circumstances: Charles Neidig and Christian A. Neidig, constituting the firm of C. & C. A. Neidig, applied to their creditors to compromise the indebtedness of such firm to such creditors. The latter agreed to accept endorsed notes for 30 per cent. of their respective claims, in full settlement thereof, and agreed to execute a full and sufficient release and discharge of all debts owing to them respectively by the said firm; the creditors, including the plaintiff, executed such compromise agreement, and received the notes of the firm endorsed by one Henry Neidig. By a private arrangement, and as a consideration for joining in such compromise agreement, the plaintiff exacted and obtained from such firm notes executed by the defendant, Jacob G. Schreiber, for the benefit of said firm, payable to the order of said firm to the amount of $1,500; in addition to the 30 per cent. mentioned in the compromise agreement. This arrangement was not communicated to the other creditors of the Neidigs.

The note in suit was one of the series making up the $1,500. This transaction was clearly in fraud of the rights of the other creditors, and in violation of the terms and spirit of the agreement. It may be fairly inferred that the other creditors would have declined a compromise if they had been aware of the private arrangement in regard to the $1,500. This fraud upon the other creditors rendered the note, upon which this action is brought, void. (*Lawrence* v. *Clark*, 36 N. Y., 128; *Harloe* v. *Foster*, 53 N. Y., 385; *Russell* v. *Rogers*, 10 Wend., 473; *Breck* v. *Cole*, 4 Sandf. [S. C. R.], 79.)

The following clause appears in the compromise agreement:

FIRST DEPARTMENT, APRIL TERM, 1878.

"But it is expressly understood that nothing herein contained shall be held or construed as releasing or discharging the indorser upon any paper held by either of us." The intention of the parties in inserting this provision is not quite apparent. It can hardly be inferred that the creditors intended to secure from the Neidigs thirty per cent. of their claims, and then collect the residue of the indorsers. Such an arrangement would have been inconsistent with the terms of the compromise agreement, and would defeat the purpose intended, because the indorsers would have a right of action over against the Neidigs for any money they were compelled to pay, which would deprive the Neidigs of all benefit of the compromise. We therefore conclude that the parties to the agreement merely intended to retain a claim upon the indorsers as additional security, in case from any cause the compromise should fail.

This interpretation seems reasonable, and consistent with the other portions of the agreement, and harmonizes the entire arrangement. If we are correct in the view thus taken of the case, it becomes unnecessary to discuss the other questions which were pressed upon the argument.

The judgment should be affirmed with costs.

DAVIS, P. J., concurred.

Judgment affirmed with costs.