### METCALF v. MORSE IRONWORKS & DRY DOCK CO.

(Supreme Court, Appellate Term. November 6, 1903.)

1. COMPOSITION WITH CREDITORS — LEAVING AMOUNT BLANK — EFFECT ON CREDITOR'S CLAIM.

The fact that a creditor, who assents to and signs a composition agreement, leaves a blank opposite his name, where the amount of his claims should appear, and does not intend to include in the agreement a note of the debtor's which he has indorsed and "discounted"—that is, deposited as collateral security—at a bank, does not permit him to afterwards sue on the note, nor do its transfer and discount make any difference.

Appeal from City Court of New York.

Action by Samuel Metcalf against the Morse Ironworks & Dry Dock Company. From an order denying plaintiff's motion for a new trial after dismissal of his complaint on the evidence, he appeals. Affirmed.

Argued before FREEDMAN, P. J., and BISCHOFF and BLANCHARD, JJ.

Charles Pope Caldwell, for appellant.

Blandy, Mooney & Shipman (Charles Blandy and Frederick A. Card, of counsel), for respondent.

FREEDMAN, P. J. The plaintiff was bound by the compromise agreement because he had signed and assented to it. His contention that because he omitted to set opposite his name the amount of his claims, and left the amount blank, instead of specifying it, as the other creditors did, and did not intend to include in it the note upon which he brought this action, and which at that time had been discounted by a bank for his benefit and upon the strength of his indorsement, he may still maintain the action upon the note, is untenable. In England it was held long ago that if a creditor leave the amount of his claims blank he is bound for all the claims he has. Our courts have gone even further than this. In Russell & Hall v. Rogers, 10 Wend. 474, 25 Am. Dec. 574, it was held that a creditor who signs and inserts an amount as due to him in a composition deed cannot subsequently maintain an action against his debtor for a demand existing at the time of the composition, but not then taken into account. This case was cited with approval in Van Brunt v. Van Brunt, 3 Edw. Ch.

14, and it was there held that the intention to limit a release to a particular debt, where general words are used, must be ascertained from the instrument containing the release, and cannot be shown by extrinsic evidence. The reason for the rule is that a creditor signing the composition agreement cannot reserve to himself any secret advantage nor impose any conditions not apparent on the face of the instrument. Van Bokkelen v. Taylor, 62 N. Y. 105. The fact that the note had been transferred to a bank, who had discounted it upon the strength of plaintiff's indorsement, makes no difference. Under the decision of Harloe v. Foster, 53 N. Y. 385, the plaintiff, having signed the agreement, was bound to protect the defendant against any outstanding demand against it upon the note, although it had been transferred before he signed the agreement. The transfer did not amount to an absolute purchase by the bank. Discounting a note and buying it are not identical in meaning (N. Y. State Co. v. Helmer, 77 N. Y. 64), the latter expression being used to denote the transaction when the seller does not indorse the note and is not accountable for it. Am. & Eng. Ency. of Law, vol. 9 (2d Ed.) p. 471. In the case at bar the plaintiff indorsed the note and took it up at maturity. He did not sell it without recourse, but merely parted with its possession temporarily, while it remained pledged as security for a loan obtained on it and on his indorsement of it.

The record discloses no error, and the order denying plaintiff's motion for a new trial should be affirmed, with costs and disbursements. All concur.