WARSHAWSKY et al. v. BONEWUR.

(Supreme Court, Appellate Division, Second Department. January 15, 1909.)

1. COMPOSITIONS WITH CREDITORS (§ 20*)—EFFECT ON CLAIMS ASSIGNED.

Where, after defendant had accepted and negotiated a note for plaintiffs' indebtedness, defendant entered into a composition agreement with other creditors by which plaintiffs discharged their indebtedness by paying 30 per cent., defendant was bound to protect plaintiffs against the note when it matured.

[Ed. Note.—For other cases, see Compositions with Creditors, Cent. Dig. § 49; Dec. Dig. § 20.*]

2. PRINCIPAL AND AGENT (§ 173*) — COMPOSITION AGREEMENT—RATIFICATION—EVIDENCE—SUFFICIENCY.

Evidence *held* to establish defendant's ratification of his agent's act in accepting on his behalf a composition agreement by which he agreed to settle his claim against plaintiffs for 30 per cent. thereof.

[Ed. Note.—For other cases, see Principal and Agent, Dec. Dig. § 173.*]

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

Appeal from Municipal Court of New York.

Action by William Warshawsky and another against Solomon Bonewur. Judgment for defendant, and plaintiffs appeal. Reversed.

The plaintiffs owed the defendant $172 for merchandise purchased of the defendant, of which $150 was reduced to a promissory note. The defendant went to Europe for recreation on December 1, and returned the following March 1, 1908. He had in his employment in his business as merchant Harold Melzer, whom he testifies was a salesman, and Rosie Goldberg, whom he says was his bookkeeper. The plaintiffs became insolvent, and settled with all of their creditors for 30 cents on the dollar by a composition agreement which was signed with the name of the defendant by the said Melzer while the defendant was in Europe. The plaintiffs thereupon sent to the defendant at his place of business a check for 10 per cent. of their said indebtedness of $172, payable to his order, and four equal promissory notes secured by endorsement for the remaining 20 per cent. thereof, payable in 6, 9, and 12 months from their date, December 31, all in accordance with the composition agreement. The check was endorsed with the name of the defendant by the said Melzer and collected at once, and the money deposited in the defendant's account by the said bookkeeper Goldberg. When the first note came due on March 25, it was endorsed by the said bookkeeper and the money collected and deposited in like manner. The plaintiffs' said note of $150 then came due and the holder of it collected it of the plaintiffs, and this action is to recover of the defendant the amount so collected of the plaintiffs, and also their expense of defending themselves against the payment of the said note in the action thereon against them and this defendant.

Argued before WOODWARD, GAYNOR, RICH, and MILLER, JJ.

Sol. Levi, for appellants.

Herman J. Rubenstein, for respondent.

GAYNOR, J. It is the law that it was for the defendant to protect the plaintiffs against the said note when it came due, if the said composition agreement was his. Harloe v. Foster, 53 N. Y. 385. In order to prove this the plaintiffs had to call the defendant and the said employé Melzer. Melzer testified that the defendant never instructed or authorized him to sign the composition agreement. The defendant testified that Melzer had no authority to sign the agreement; that when he left for Europe he left his business in charge not of Melzer, but of the said bookkeeper Rosie Goldberg. When his attention is called to the fact that the first of the composition notes came due on March 25, which was over three weeks after his return from Europe (which was on March 1), and that Rosie Goldberg endorsed his name upon it, collected it, and deposited the money in his business bank account, and that he has kept it, his only explanation is, "I did not interfere much in the store at all." Moreover, although the defendant knew of the composition agreement and the facts under it before this action was brought, he did not offer to return the three of the said endorsed notes remaining unpaid, or any of the money collected, nor did he do so on the trial. It cannot be said in extenuation of this that the plaintiffs owed him the total amount of the said four notes and check anyhow, and that therefore he had the right to keep them. The plaintiffs only owed him $22 in addition to the $150 note, and that the plaintiffs had to pay, for in the action thereon against the defendant and them the

defendant was let go on the ground that no notice of non-payment had been given to him.

When the defendant went away to Europe, the person he left to run the business had authority to do all things pertaining thereto, including the collection of debts and compromising with debtors for that purpose. Goldberg had this authority, if she was left in charge, and Melzer had if he was. He signed the composition agreement, but brought the notes and checks given thereunder to Goldberg, and she received the money on the check, and kept the notes, and collected on the one that came due, as we have seen. If the defendant's testimony is true, he had negotiated the $150 note before he went to Europe. Goldberg knew that the composition check and notes were not being received in payment of the remaining $22, if we are to believe that Melzer kept the fact of the composition from her, as he says, for they exceeded that sum more than twice over. Taking all of the facts, including the failure of the defendant to tender back the cash received and the notes, or at all events all thereof in excess of the $22, after he became cognizant of the facts, the evidence that the composition agreement was the defendant's was ample.

The judgment should be reversed.

Judgment of the Municipal Court reversed, and new trial ordered; costs to abide the event. All concur.