## MEHR v. STARR.

(Supreme Court, Appellate Term, Second Department. March, 1912.)

COMPOSITIONS WITH CREDITORS (§ 29*)—SECRET AGREEMENT WITH CREDITOR— RIGHT OF ACTION BY DEBTOR.

Where a corporation debtor, contemporaneously with entering into a composition agreement with its creditors, whereby each creditor was to surrender all promissory notes and collateral and accept 40 per cent. of his claim in full payment, made a secret agreement with one creditor whereby such creditor was to retain two notes as an inducement for him to enter into the composition agreement, the assignee of the corporation in the composition agreement could not recover from such creditor the amount collected by him upon such notes; the parties being in pari delicto.

[Ed. Note.—For other cases, see Compositions with Creditors, Cent. Dig. §§ 87–94; Dec. Dig. § 29.*]

Appeal from Municipal Court, Borough of Brooklyn, Third District.

Action by Louis Mehr against Nathan Starr. From a judgment for defendant, plaintiff appeals. Affirmed.

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

Argued March term, 1912, before GARRETSON, STAPLETON, and KAPPER, JJ.

Charles Eno, of New York City, for appellant.

Mandelbaum Bros., of New York City, for respondent.

STAPLETON, J. The action was for money received. The facts are:

The corporation known as Mehr Bros. entered into a composition agreement with its creditors. The defendant was a creditor. He signed the agreement, agreeing to accept, in full satisfaction of his claim against the corporation, 40 cents on the dollar—25 cents in cash, payable when all the creditors signed the agreement, and 15 cents by a promissory note payable in six months, with two indorsers. The 40 per cent. of the claim was paid.

The creditors of the corporation, executing the composition agreement, undertook on their part to surrender to the corporation debtor all promissory notes or other collateral then held by them. The defendant surrendered all notes of the corporation held by him, except two, aggregating $104. Those notes were afterwards presented at the bank at which they were made payable, and paid. The plaintiff is the assignee of the debtor in the composition agreement.

This action is to recover the money thus received by the defendant. There was competent evidence from which it was proper for the trial court to find that there was a secret arrangement between the corporation debtor and its creditor, the defendant, whereby he was to retain the two notes in question as an inducement for him to enter into the composition agreement. Upon such a state of facts the plaintiff may not successfully prosecute this action. The law will leave him where the transaction left his assignor, who was in pari delicto with the defendant in a secret and fraudulent agreement. Solinger v. Earle, 82 N. Y. 393; Hanover National Bank v. Blake, 142 N. Y. 404, 37 N. E. 519, 27 L. R. A. 33, 40 Am. St. Rep. 607; Harloe v. Foster, 53 N. Y. 385.

Judgment affirmed, with costs. All concur.