(88 Misc. Rep. 718)

### GROSS et al. v. LOUIS METZGER & CO.

(City Court of New York, Trial Term. January 5, 1915.)

COMPOSITIONS WITH CREDITORS ⊕⟹20—CREDITORS NOT ASSENTING—PAYMENT IN FULL—RIGHTS OF DEBTOR.

    Where F. signed a composition agreement with his debtor and other creditors on a basis of 40 per cent., without specifying the amount due him, and where the debtor, though knowing that F. had assigned portions of his account to others, did not secure the signatures of such others to the composition agreement, and in consequence thereof was forced to pay the full amount of their claims, instead of merely 40 per cent. thereon, the debtor was not entitled to set off against a subsequent assignee of that portion of the account retained by F. the sums in excess of the 40 per cent. which the debtor was forced to pay to the other assignees.

    [Ed. Note.—For other cases, see Compositions with Creditors, Cent. Dig. §§ 38–49; Dec. Dig. ⊕⟹20.]

Action by Albert B. Gross and others, copartners as Gross, Engel & Co., against Louis Metzger & Co., to recover an unpaid balance due under a composition agreement of the defendant's creditors. Judgment for plaintiffs.

Benjamin Berger, of New York City, for plaintiffs.

Olcott, Gruber, Bonynge & McManus, of New York City (Irving L. Ernst, of New York City, of counsel), for defendant.

RANSOM, J. The plaintiffs are entitled to judgment herein for $600.39, with interest. On October 31, 1913, defendant made a general assignment for the benefit of its creditors. During the preceding summer, Edward Friedman, assignor of the plaintiffs, had sold merchandise to the defendant, on account of which $3,778.42 remained unpaid on October 31st. Prior to that date Friedman had assigned to various firms items representing all except $1,500.95 of defendant's indebtedness to him, and defendant had received due notice, by registered mail from the assignees and by conversations with Friedman, of such assignments. On November 22, 1913, Friedman signed a composition agreement with the defendant and its creditors, on a 40 per cent. basis, without specifying therein the amount due him, although in a statement of account sent in by Friedman to the defendant, at the latter's request a day or two after October 31st, Friedman set out all of the transactions and "business relations" between himself and defendant, and did not indicate on the face of this statement that, as he had advised defendant orally, portions of the indebtedness remaining from such transactions had been assigned by Friedman. Despite its knowledge, and due notice of these assignments, defendant did not have the 40 per cent. composition agreement signed by the firms to which Friedman had assigned portions of the account and did not list or schedule these assignees as creditors. The latter accordingly sued defendant for the full amount of their respective claims, rather than merely 40 per cent. thereon, and defendant had no alternative but to pay these claims in full. Defendant now asserts the right, in this suit

⊕⟹For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

by the assignees of the $1,500.95 (which Friedman assigned after the composition agreement was signed), to offset the amount which it paid in settlement of these claims in full, over and above what would have been paid, had they been brought in under the composition agreement, against the plaintiffs' claim to 40 per cent. upon the $1,500.95 which was unassigned at the time of the composition agreement and was in fact represented by Friedman's signature thereto.

I do not find that Friedman or his subsequent assignees are in any way estopped from asserting against the defendant Friedman's right to receive, under the composition agreement, 40 per cent. on the sum at that time remaining due to *him* from the defendant. The fact that the defendant, through its own failure to list proper claims of which it had due notice, and failure to procure the signatures of such debtors to the composition agreement, was obliged to pay such claims in full, rather than on a 40 per cent. basis, gives no right to recoup such losses out of Friedman's dividend on the amount remaining due him. Harloe v. Foster, 53 N. Y. 385, does not impress me as an authority to the contrary, inasmuch as that case dealt with the effects of fraud and misrepresentation and the creation of a secret preference, through the fraudulent acts of one participant in the composition. The creditor fraudulently put his signature to the composition agreement for a claim which he had previously transferred, and he did this without either the debtor or the other creditors knowing of such transfer. In the case at bar Friedman did not sign the composition agreement for any specified amount of indebtedness, the defendant undoubtedly had full knowledge of the assignment of all except $1,500.95 of the original indebtedness, and it appears from proceedings relative to the bankruptcy receivership that the other creditors had or were chargeable with notice, prior to November 22d, that Friedman's claim was not $3,778.42, but some sum approximating $1,000.

Judgment for the plaintiffs is directed accordingly.