WILLIAM HENRY ALLEN, Appellant, *v.* THE ST. LAWRENCE COUNTY FARMERS' INSURANCE COMPANY, Respondent.

*Fire insurance policy — declarations of an agent, when not binding upon the principal.*

Upon the trial of an action brought to recover the amount of a loss under a fire insurance agreement it appeared that the application signed by the insured stated that the insurer would not be bound until some director or agent thereof had approved of the application, and it had been received at its office in a specified city; that the application was not approved by a director of the insurer, although the agent, through whom the insurance was effected, informed the insured, upon his signing the application and paying the fee, that the insurance commenced from that time; no policy was delivered to the insured.

*Held*, that in the absence of proof that the agent of the insurer had authority to make another or different agreement than that provided for in the by-laws and requirements of the company, the plaintiff could not recover.

Where the power of an agent is apparently limited, a person dealing with him is bound to inquire concerning the extent of his authority before acting upon the faith of its existence; and a principal who has not clothed an agent with either real or seeming authority is not bound by the simple declaration of such agent that the principal is bound by his acts or statements.

APPEAL by the plaintiff, William Henry Allen, from a judgment of the Supreme Court in favor of the defendant, entered in the office of the clerk of the county of St. Lawrence on the 4th day of January, 1894, upon the dismissal of the complaint directed by the court after a trial before the court and a jury at the St. Lawrence Circuit.

*John C. Keeler*, for the appellant.

*Thomas Spratt*, for the respondent.

FURSMAN, J.:

The defendant is a co-operative insurance company organized under chapter 573 of the Laws of 1886. The 1st section of this act requires that every person insured in any company organized thereunder shall sign a written application for such insurance "as required by the articles of the association and by-laws of the company, and thereby become a member thereof." The company, at its annual meeting in January, 1891, resolved that there should be placed on every application a notice that such application would not be bind-

ing on the company until signed by an agent or director and received by the secretary at Ogdensburg. On May 9, 1892, the plaintiff applied to one Crandall, a solicitor for defendant, for insurance on his dwelling house and household furniture, etc., and thereupon, in pursuance of the requirements of the statute and the resolution above cited, signed a written application containing a statement that the application must be submitted to some director of the company and approved by him and the approval signed by him. This application contained also a distinct notice in these words : " Notice. This application will not be binding upon the company until signed by an agent or director and received by the secretary at Ogdensburg, N. Y." On signing the application plaintiff paid the solicitor one dollar and fifty cents, and upon inquiry as to when his insurance commenced he was answered " Now." The fire occurred the same night, before the application had been approved by any director of the company or received by the secretary. Of course no policy was ever issued to the plaintiff, but he now seeks to recover the amount of insurance agreed upon between him and Crandall (the solicitor) on the ground that the answer of Crandall, above quoted, that the insurance began immediately on plaintiff's signing the application, amounted to an actual insurance by the company The application signed by the plaintiff informed him that the company would not be bound until some director or agent of the company had approved it and it was received at the office in Ogdensburg. There is no proof that Crandall had any authority to make any other or different agreement than that provided for in the by-laws and requirements of the company. Indeed, there is no proof that he had any authority to make any agreement whatever for insurance, or to do anything beyond soliciting and receiving applications for insurance. He did not appear to be clothed with authority to contract for the company. He was not provided with policies and did not deliver any. The plaintiff must have understood that the policies were only issued by the company from its office in Ogdensburg, and that an insurance was not effected until his application reached there and was acted upon.

The mere declaration of Crandall that the insurance began at once was ineffectual to bind the company. It was wholly unauthorized, and the plaintiff had no right to accept or rely upon it in the

face of the declaration contained in the application that the company would not be bound until the receipt of the application at the office in Ogdensburg. The power of the agent being apparently limited, the plaintiff was bound to inquire concerning the extent of it before trusting to it. (*Alexander* v. *Cauldwell*, 83 N. Y. 480. See especially p. 485.) Crandall had only power to receive proposals for insurance. He could not create insurance nor in any way designate the time when insurance should begin. (*Bush* v. *Westchester Fire Ins. Co.*, 63 N. Y. 531.)

The case is quite different from *Ellis* v. *Albany City Fire Ins. Co.* (50 N. Y. 402) and kindred cases cited by counsel for plaintiff. In those cases there was an unrestricted right in the agent to issue policies which to that end were furnished him by the company already signed by its officers, and the agent had authority to effect an immediate insurance by filling out and delivering a policy already duly executed by the officers of the company. Here the agent was a mere solicitor for insurance, and wholly unauthorized to contract for the company. The case of *Van Loan* v. *The Farmers', etc., Ins. Association of Catskill* (90 N. Y. 280) is not applicable. There the company was organized under the act of 1857 (Chap. 739), as amended in 1858 and 1861. Those acts did not require a written application to be signed by the party seeking insurance, nor was there any notice to the applicant that the insurance would not begin until the application was approved by some authorized agent of the company. The plaintiff applied for insurance to one of the directors of the company. A survey was made and taken to the secretary of the company, who found it satisfactory and entered it on the books of the company. The policy was not issued solely because plaintiff's first name was unknown, though the company was immediately ready to issue it and only waiting to learn the full name of the party insured. The action was to compel the company to issue a policy after a fire had occurred. There was an application for a policy and a clear acceptance thereof, not by an unauthorized agent, but by the company itself. The opinion at General Term (approved by the Court of Appeals) puts the decision expressly upon the ground that the company had accepted the application for insurance. In the present case the only authority of Crandall was to solicit insurance, and the application informed the plaintiff, in terms, that

the company would not be bound until it was approved by the director and received at the home office. The mere declaration of an agent having such limited authority, that the insurance began at the moment the application was signed, cannot bind the company having no knowledge of the application nor of the risk proposed. It cannot be that a party who has not clothed an agent with either a real or seeming authority can be bound by the simple declaration of such agent that it is bound. We, therefore, think that the learned trial judge was right in granting the motion for a nonsuit, and this renders it unnecessary to examine the several rulings as to the admission or exclusion of evidence.

The judgment should be affirmed, with costs.

PUTNAM and HERRICK, JJ., concurred.

Judgment affirmed, with costs.