(27 Misc. Rep. 230.)

### BECK v. DONOHUE.

(Supreme Court, Appellate Term. April 21, 1899.)

1. AGENCY—AUTHORITY OF SALESMAN TO CONTRACT FOR ADVERTISING.
     An agent employed to sell cannot, in the absence of special authority, bind his principal by a contract to deliver goods in exchange for advertising.

2. SAME—NOTICE TO THIRD PERSONS.
     One dealing with a salesman is chargeable with notice that he has no authority to contract to deliver goods in exchange for advertising.

Appeal from municipal court, borough of Manhattan, Fifth district.

Action by Joseph Beck against John Donohue for goods sold. From a judgment in favor of plaintiff, defendant appeals. Affirmed.

Argued before FREEDMAN, P. J., and MacLEAN and LEVENTRITT, JJ.

Thomas C. O'Sullivan, for appellant.
Leon Sanders, for respondent.

LEVENTRITT, J. This is an action for goods sold and delivered. The defendant pleads, in effect, that the transaction was a barter, not a sale. It appears that one Louis N. Auerbach, a salesman of the plaintiff, sought to obtain from the defendant, a saloon keeper, an order for whisky. The latter, declining to purchase, offered the use of the outer walls of his building for advertising purposes in exchange for whisky of an agreed money value. The acceptance of that proposition is evidenced by a memorandum, signed by Auerbach. It is claimed by the plaintiff that he was ignorant of that arrangement, and there is no proof that it was ever brought to his notice. A delivery of the goods was followed by a bill, which, by the terms of payment on its face, clearly indicated that the transaction was a sale. Shortly after its receipt, the defendant sent for Auerbach, and demanded that the agreement to accept advertising for the whisky be carried out. Auerbach disclaimed authority to bind the plaintiff to such a condition, insisted that the defendant was apprised thereof at the time the memorandum was made, and presented to him the alternative of retaining the whisky as billed, or of returning it to the plaintiff. Auerbach also testified that subsequently, the defendant having refused to accept either alternative, he made demand for the return of the goods. Although that testimony was denied by the defendant, the plaintiff was in every aspect of the case entitled to judgment. Whether Auerbach's version be accepted or rejected, the plaintiff must prevail. If accepted, only an issue of fact is presented, which the court was justified in solving in plaintiff's favor; if re-

jected, an issue of law arises, the determination of which leads to the same result. Auerbach was merely a special agent. His authority was limited to selling the plaintiff's goods, with the customary powers incident thereto. An agent employed to sell cannot, in the absence of special authority, bind his principal to the acceptance of payment in a medium other than money. 1 Am. & Eng. Enc. Law, 1003. Proof of an agency to sell does not warrant inference of authority to contract for advertising. Tarpey v. Bernheimer (Com. Pl.) 16 N. Y. Supp. 870. Therefore it was wholly immaterial whether the defendant was notified that Auerbach had no power to pledge the plaintiff's consent to the terms of the memorandum. The position of salesman, merely, signifies limited authority. The defendant was, as a matter of law, charged with notice thereof, and, before trusting to it, was bound to ascertain its extent. Allen v. Insurance Co., 88 Hun, 461, 34 N. Y. Supp. 872; Michael v. Eley, 61 Hun, 180, 15 N. Y. Supp. 890. The circumstances of the transaction not permitting of any inference, and no proof being offered to establish special authority, the defendant could succeed only in the event of showing ratification by the plaintiff. Ratification is necessarily based on knowledge of all the material facts (Ritch v. Smith, 82 N. Y. 627), and, as the plaintiff had neither knowledge nor notice of the arrangement, it cannot be invoked to defeat his recovery. The judgment should be affirmed.

Judgment affirmed, with costs to the respondent. All concur.