BLOCK v. DUNDON.

(Supreme Court, Appellate Division, Fourth Department. May 5, 1903.)

1. SCOPE OF AGENT'S AUTHORITY—SALES—TAKING MERCHANDISE IN LIEU OF CASH.

Where an agent was authorized to sell liquors for cash or on credit, and to collect accounts, it was not indispensable to the performance of his duties to take cigars in payment of liquors sold by him, and the fact that he could not procure defendant's order unless he took cigars in payment did not authorize him to make a sale on such terms.

Appeal from Trial Term, Jefferson County.

Action by Simon Block against Edward A. Dundon. From a judgment of the County Court, and from an order denying a motion for a new trial, plaintiff appeals. Reversed.

Argued before ADAMS, P. J., and McLENNAN, SPRING, WILLIAMS, and HISCOCK, JJ.

Smith & Reeves, for appellant.
Breen & Breen, for respondent.

WILLIAMS, J. The judgment and order should be reversed, and a new trial granted, with costs to the appellant to abide event.

The action is to recover the purchase price of a barrel of whisky—$117. The defense is that $88 of the purchase price was to be paid in cigars, which were offered to the plaintiff, with a check for the balance of $29, and were refused. The trial was before the court and a jury, and resulted in a verdict for the plaintiff for the $29. The plaintiff appeals.

The sale of the whisky was made by the plaintiff's agent, Kinney, who made the agreement as to the cigars as claimed by the defendant. The order for the whisky was in writing, signed by the defendant, and was sent to the plaintiff, in Cincinnati, Ohio, where he carried on his business, and in no way referred to the agreement as to the cigars. The whisky was shipped to the defendant, a hotel keeper at Watertown, N. Y., was received by him, and used in his business. A bill was sent to the defendant when the whisky was shipped, and it in no

way referred to the agreement as to the cigars, but stated the terms of sale to be a credit of three months, or 4 per cent. off for cash. Nothing was said by the defendant about the agreement as to the cigars until the end of the three months for which credit was given. The agent Kinney had then left plaintiff's employ; and, when called upon by a new agent (Marks), the defendant alleged the agreement as to the cigars, and this agent communicated the same to plaintiff. A correspondence was had then between the parties; the plaintiff denying any knowledge or information that such an agreement had been made, and alleging that the agent Kinney had no authority to make the same. The defendant shipped the cigars to the plaintiff, at Cincinnati, and sent his check for the $29. The plaintiff returned the check, and refused to accept the cigars. The cigars remained at Cincinnati, in the custody of the express company. The defendant refusing to pay the bill in cash, the plaintiff brought this action. Upon the trial the defendant gave evidence tending to show the agreement as to the cigars was made. The agent Kinney was not sworn as a witness. The plaintiff testified that Kinney, the agent, had no authority to make such an agreement; that his only authority was to sell on credit or for cash an' to collect accounts. The defendant claimed, among other things, that the making of the agreement was within the scope of the agent's authority, and that the defendant was justified in supposing such authority existed, whether it did in fact exist or not. The court, in submitting this question to the jury, told them that authority to make the agreement as to the cigars might be inferred from the nature of the business, and the course of dealings generally by the agent for his principal, and in referring to the case of Bickford v. Menier, 107 N. Y. 490, 14 N. E. 438, said, in substance, that the counsel for the plaintiff in this case claimed that, under the rule laid down in the case referred to, it was not a sufficient ground for the inference of the power of the agent to make the agreement in question that it was convenient or advantageous or more effectual in the making of the sale in question, but it must be practically indispensable to the performance of the general duties conferred upon the agent, in order to justify the inference of such power from the original employment. And the court then said to the jury that the rule in that case did not mean "that it was absolutely essential to Mr. Kinney's prosecution and carrying on of his business that it was always and in every case necessary that he should exchange his commodities for cigars, but the test is, was it essential to the carrying out of his business in this particular case that he should make that exchange?" This was excepted to by plaintiff, and the court was requested to charge "that, to authorize the jury to find that Kinney had implied authority to bind plaintiff by a trade of whisky for cigars, it must be found by them that the authority to make such a trade was practically indispensable to the execution of the duties of said Kinney as plaintiff's salesman or agent." The court declined to so charge, and said, "But I charge, as I already have charged, that they must find it was practically indispensable to * * * obtaining the order." An exception was taken by plaintiff to this refusal to charge as requested, and to the charge as made.

The charge was clearly erroneous. The jury was told, in effect, that the agent had authority to make the agreement as to the cigars if he could not otherwise procure this order for the whisky. The evidence in the case shows that the defendant refused to purchase the whisky unless the agreement as to the cigars was made. Therefore, under this charge, the jury had no other alternative than to render the verdict they did. The case referred to does not lay down any such rule as charged. In that case the principals were doing business in France. They sent an agent to New York, with authority to receive consignments of goods from his principals, to care for and sell them, and, after paying the expenses of the business from the receipts, to remit the balance to them, and he borrowed money with which to pay the principals an indebtedness from him to them. It was held that they were not liable for the moneys so borrowed. It was said by the court that:

"If the transaction of the business absolutely required the exercise of the power to borrow money in order to carry it on, then that power was impliedly conferred as an incident to the employment, but it does not afford a sufficient ground for the inference of such power to say that the act proposed was convenient or advantageous, or more effectual in the transaction of the business provided for, but it must be practically indispensable to the execution of the duties really delegated, in order to justify its inference from the original employment."

Here, the authority conferred upon the agent being to make sales of liquors for cash or on credit, and to collect accounts, it could not be found that it was indispensable to the performance of the duties imposed upon him to take cigars in payment for the liquors so sold; and, even if in this case he could not procure the defendant's order unless he took the cigars in payment, that did not confer upon him authority in this particular case to take cigars in payment. It was not necessary that he should take this order at all. He could make sales to others for cash or on credit, and could thus perform the duties imposed upon him as agent. The duty was to sell for cash or on credit wherever he could, and not to sell to any one person at all hazards, whether he could get cash down or at some future time or not. The trial court entirely misinterpreted the case referred to, and the charge was erroneous. This error may well have worked injury to the plaintiff's rights, and calls for a reversal of the judgment and order appealed from, and the granting of a new trial.

Judgment and order reversed upon questions of law only—the facts having been examined and no error found therein—and new trial ordered, with costs to the appellant to abide event. All concur.