(50 Misc. Rep. 645)

### JONES v. RICHARDS et al.

(Supreme Court, Appellate Term. April 24, 1906.)

1. PRINCIPAL AND AGENT—AUTHORITY OF AGENT—EXCHANGE OF PROPERTY.
    An agent for the sale of property has no implied authority to exchange the same for other property.
    [Ed. Note.—For cases in point, see vol. 40, Cent. Dig. Principal and Agent, § 84.]

2. SAME—NOTICE OF AUTHORITY—EVIDENCE.
    Plaintiff delivered horses to an agent for purposes of sale, and while boarded at a livery stable they were charged to plaintiff, of which fact one to whom the agent traded them for other horses had notice, as well as notice of the agency. He made no inquiries as to whether the agent had authority to exchange the property or not. *Held* to show knowledge on his part that the agent was not authorized to make the trade.

3. REPLEVIN—PARTIES—ONE PARTING WITH POSSESSION OF PROPERTY.
    In replevin against an agent for the sale of plaintiff's horses and another, to whom, without authority, such agent had traded the horses, it was error to dismiss the complaint as against defendant agent, although it appeared on the trial that he had parted with possession of the property in suit.
    [Ed. Note.—For cases in point, see vol. 42, Cent. Dig. Replevin, § 81.]

Appeal from City Court of New York, Trial Term.

Action by Samuel W. Jones against Robert Richards and another. From a judgment dismissing the complaint, plaintiff appeals. Reversed.

This was an action of replevin for certain horses, which belonged to plaintiff and which, while in possession of defendant Leighton, as plaintiff's agent for purposes of sale, were traded by him to defendant Richards. The horses were kept at the stable of one Harrison, on whose books plaintiff was charged with their keep.

Argued before SCOTT, P. J., and TRUAX and BISCHOFF, JJ.

Albert I. Sire, for appellant.

Wentworth, Lowenstein & Stern and Wales F. Severance, for respondents.

TRUAX, J.   The material issue was did the defendant Leighton have authority to trade the property mentioned and described in the complaint? If he did, the ruling of the court was right. If he did not, such ruling was wrong. I am of the opinion that the defendant Leighton did not have the right to trade the property mentioned and described in the complaint, and that the defendant Richards knew that Leighton did not have the right to trade such property. Richards testified that he knew that Leighton was not the owner of the property. He knew that Leighton was acting as agent for Jones. He did not ask whether Leighton had authority to exchange the property or not. He knew to whom the property was billed on the books of Mr. Harrison, the stable keeper. It is well settled that under such circumstances an agent has not the power to pledge or mortgage his principal's property to a third party. Am. Ency. (2d Ed.) vol. 1, p. 1174; Beck v. Donohue, 27 Misc. Rep. 230, 57 N. Y. Supp. 741; Block v. Dundon, 83 App. Div. 539, 81 N. Y. Supp. 1114; Edwards v. Dooley, 120 N. Y. 540, 24 N. E. 827.

I am also of the opinion that it was error for the court to dismiss the complaint as against the defendant Leighton, although it appeared on the trial that Leighton had parted with possession of the property in suit. Nichols v. Michael, 23 N. Y. 264, 80 Am. Dec. 259, cited with approval in Sinnott v. Feiock, 165 N. Y. 447, 59 N. E. 265, 80 Am. St. Rep. 736, 53 L. R. A. 565. See, also, Barnett v. Selling, 70 N. Y. 492, and Dunham v. Troy Union Ry. Co., *42 N. Y. 543.

Judgment is reversed, and a new trial ordered, with costs to the appellant to abide the event. All concur.