HEBBERD, Com'r, v. LEE.

(Supreme Court, Appellate Term.   November 24, 1908.)

HUSBAND AND WIFE (§ 319*) — ABANDONMENT — UNDERTAKING FOR SUPPORT—
RECOVERY—EVIDENCE.

To recover against a surety on a statutory undertaking exacted from
a husband to pay a weekly sum for the support of his wife, it must be
proved that the wife had become a charge upon the public treasury.

[Ed. Note.—For other cases, see Husband and Wife, Dec. Dig. § 319.*]

Appeal from Municipal Court, Borough of Manhattan, First District.
Action by Robert W. Hebberd, Commissioner of Public Charities of
the City of New York, against Frank Lee, impleaded with Alexander
P. McArthur.   Judgment for plaintiff, and defendant appeals.   Re-
versed, and new trial ordered.

Argued before GILDERSLEEVE, P. J., and MacLEAN and SEA-
BURY, JJ.

Charles Frankel, for appellant.
Francis K. Pendleton (Herman Stiefel, of counsel), for respondent.

SEABURY, J.   This action is brought upon an undertaking given
in a proceeding in a magistrate's court, requiring the defendant Mc-
Arthur to pay the sum of $10 a week to his wife for her support.   The
defendant Lee was surety upon this undertaking.   Upon the trial the
plaintiff proved that the defendant McArthur defaulted in the payment
of the sum of $80, but failed to prove that McArthur's wife had, in
fact, become a charge upon the public treasury.   Upon the failure of
the plaintiff to prove this fact, the complaint should have been dis-
missed.   The case of Goetting v. Normoyle, 191 N. Y. 368, 84 N. E.
287, is decisive of the question now presented, and renders further dis-
cussion unnecessary.

The judgment should be reversed, and a new trial ordered, with
costs to the appellant to abide the event.   All concur.

---

METROPOLITAN ALUMINUM MFG. CO. v. LAU.

(Supreme Court, Appellate Term.   November 24, 1908.)

1. EVIDENCE (§ 420*)—PAROL EVIDENCE—ADMISSIBILITY.

Parol evidence is admissible to show that a contract, which is in form
a complete contract, was not to become binding until the performance of
a condition precedent resting in parol.

[Ed. Note.—For other cases, see Evidence, Cent. Dig. § 1936; Dec. Dig.
§ 420.*]

2. PRINCIPAL AND AGENT (§ 103*)—ORDERS—CONTRACTS.

One signing an order for goods stipulating that the order is not sub-
ject to countermand, and that no special agreements of the agent will
be recognized, unless written in the order and approved by the seller,
waives thereby an inconsistent oral agreement made with the seller's
agent.

[Ed. Note.—For other cases, see Principal and Agent, Cent. Dig. § 290;
Dec. Dig. § 103.*]

3. PRINCIPAL AND AGENT (§ 148*) — AUTHORITY OF AGENT — RIGHTS OF THIRD
PERSONS.

Where one orders goods of an agent of the seller with direct notice that
the agent in making an oral agreement exceeded his authority, the agent's
agreement did not bind the seller.

[Ed. Note.—For other cases, see Principal and Agent, Cent. Dig. § 539;
Dec. Dig. § 148.*]

4. PRINCIPAL AND AGENT (§ 147*)—AUTHORITY OF AGENT.

The position of a salesman merely signifies a limited authority, and one
dealing with him is as a matter of law charged with notice thereof, so
that before trusting to it he is bound to ascertain its extent.

[Ed. Note.—For other cases, see Principal and Agent, Cent. Dig. § 529;
Dec. Dig. § 147.*]

5. PRINCIPAL AND AGENT (§ 147*) — AUTHORITY OF AGENT — RIGHTS OF THIRD
PERSONS.

Third persons dealing with a special agent are put on their guard by
that fact, and must at their peril see that the act of the agent is au-
thorized by the principal, and persons relying on stipulations by the agent
varying printed provisions in a contract made with the agent do so at
their peril.

[Ed. Note.—For other cases, see Principal and Agent, Cent. Dig. § 529;
Dec. Dig. § 147.*]

Appeal from Municipal Court, Borough of Manhattan, First Dis-
trict.

Action by the Metropolitan Aluminum Manufacturing Company
against Joseph Lau. From a judgment of the Municipal Court in favor
of defendant, plaintiff appeals. Reversed, and new trial ordered.

Argued before GILDERSLEEVE, P. J., and MacLEAN and SEA-
BURY, JJ.

Rudolph Marks, for appellant.
Geo. A. Colvin, for respondent.

GILDERSLEEVE, P. J. This action is brought to recover damages
for breach of contract arising out of defendant's cancellation of an
order for calendars placed by him with plaintiff. The evidence shows
that on the 17th day of February, 1908, plaintiff's salesman, one Camp-
stein, procured of the defendant a written order for calendars for
which defendant agreed to pay on delivery. The said order was for-
warded to plaintiff by its salesman, and on the 20th day of February,
1908, plaintiff notified defendant of its acceptance of said order. The
order, signed by this defendant, contained, among others, the following
provisions, printed in plain type directly over the space bearing defend-
ant's signature, viz.:

"These goods are to be specially made, and this order is not subject to
countermand after its acceptance by Metropolitan Aluminum Mfg. Co. No
special arrangements or promises of any kind by agents will be recognized,
unless expressly written in this order and approved of by Metropolitan Alu-
minum Manufacturing Co."

On or about March 10, 1908, the defendant addressed a communica-
tion to the plaintiff, canceling the order signed by him on the 17th day
of February, 1908, and claiming that prior to the signing of the order
by him he had informed plaintiff's salesman that he (defendant) had

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, &.Rep'r Indexes

already placed an order for calendars with another concern, known as Ellery's, but that he did not fancy the design, and that the plaintiff's salesman then told defendant that he (defendant) could cancel Ellery's order, but, should he be unable to do so, then he could countermand the order placed by him with plaintiff, and that defendant had not been able to cancel the order placed with Ellery. This alleged arrangement between the defendant and plaintiff's salesman does not appear on the order signed by the defendant and accepted by the plaintiff, which order appears to be complete and absolute on its face, and by the provisions above quoted, contained therein, precludes the arrangement between defendant and plaintiff's agent which is relied on by defendant to defeat plaintiff's claim. While it is true that parol evidence is admissible to show that a writing which is in form a complete contract was not to become a binding contract until the performance of some condition precedent resting in parol (Reynolds v. Robinson, 110 N. Y. 654, 18 N. E. 127; Mayer v. Dean, 115 N. Y. 556, 22 N. E. 261, 5 L. R. A. 540), still it seems to us under the facts here presented that, when the defendant signed the order containing the above quoted condition, he waived the arrangement, totally inconsistent therewith, which he had orally made with the plaintiff's agent. Furthermore, the agent's promise to defendant did not bind the plaintiff, since defendant had direct notice that in making such promise the agent transcended his authority. Moreover, the position of salesman merely signifies a limited authority, and the defendant was as a matter of law charged with notice thereof, so that before trusting to it he was bound to ascertain its extent. Beck v. Donohue, 27 Misc. Rep. 230, 57 N. Y. Supp. 741; Allen v. Insurance Co., 88 Hun, 461, 34 N. Y. Supp. 872; Michael v. Eley, 61 Hun, 180, 15 N. Y. Supp. 890. It is a well-established rule that third parties dealing with an avowed agent, and more particularly a special agent, are put upon their guard by the very fact, and do so at their own risk. They cannot rely upon the agent's assumption of authority, but are to be regarded as dealing with the power before them, and must at their peril observe that the act done by the agent is legally identical with the act authorized by the power. Joseph v. Struller, 25 Misc. Rep. 173, 54 N. Y. Supp. 162; 1 Am. & Eng. Ency. of Law (2d Ed.) p. 987. Persons relying upon stipulations and promises made by the agents varying or waiving the printed provisions in the contract do so at their own peril. Allen v. Insurance Co., supra; Legnard v. Insurance Co., 81 App. Div. 320, 81 N. Y. Supp. 516; Messelback v. Norman, 122 N. Y. 578, 26 N. E. 34.

Judgment reversed and new trial ordered, with costs to appellant to abide the event. All concur.