FORMAN v. BERRY.

(Supreme Court, Appellate Division, Second Department. July 31, 1914.)

1. PRINCIPAL AND AGENT (§ 124*)—CONSTRUCTION OF POWER OF ATTORNEY—QUESTIONS OF LAW AND FACT.

Where a power of attorney authorized the attorney to sell or mortgage any real estate of the grantor, and in his name to execute any deed, mortgage, or other necessary instrument required for the sale of any of the grantor's interest in real estate, it was not ambiguous, and it was therefore improper to submit its interpretation to the jury.

[Ed. Note.—For other cases, see Principal and Agent, Cent. Dig. § 724; Dec. Dig. § 124.*]

2. PRINCIPAL AND AGENT (§ 103*) — POWER OF ATTORNEY — AUTHORITY CONFERRED—TRANSFER OF LAND.

Where a power of attorney authorized the attorney to sell and convey the land of his principal, it conferred no authority on the attorney to bind the principal to convey land which he did not own.

[Ed. Note.—For other cases, see Principal and Agent, Cent. Dig. §§ 278–293, 353–359, 367; Dec. Dig. § 103.*]

3. PRINCIPAL AND AGENT (§ 103*) — POWER OF ATTORNEY — CONSTRUCTION — AGENT TO SELL—CONTRACT TO EXCHANGE.

Where a power of attorney authorized the agent to sell or mortgage

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

real estate belonging to the principal, the power to exchange was not conferred and could not be implied.

[Ed. Note.—For other cases, see Principal and Agent, Cent. Dig. §§ 278–293, 353–359, 367; Dec. Dig. § 103.*]

4. PRINICPAL AND AGENT (§ 103*)—POWER OF ATTORNEY—CONSTRUCTION—AUTHORITY TO SELL—PURCHASE.

Where a power of attorney authorized the agent to sell or mortgage the principal's land, it did not confer authority to contract for an exchange which was predominantly a contract of purchase, involving the execution of a purchase-money mortgage by the attorney in the name of his principal on the lands to be received.

[Ed. Note.—For other cases, see Principal and Agent; Cent. Dig. §§ 278–293, 353–359, 367; Dec. Dig. § 103.*]

Appeal from Trial Term, Kings County.

Action by Alexander A. Forman, Jr., against Morris Berry. From a judgment in favor.of plaintiff, and from an order denying defendant's motion for a new trial, he appeals. Reversed, and complaint dismissed.

Argued before BURR, THOMAS, CARR, RICH, and STAPLETON, JJ.

Samuel Berzick, of New York City, for appellant.
Charles S. Taber, of Brooklyn, for respondent.

CARR, J. The defendant, a resident of Denver, Colo., gave to his father, Harris Berry, a resident of Brooklyn, a formal power of attorney under seal, dated October, 1908. This instrument conferred specifically upon the attorney in fact certain powers as to bonds and mortgages held or to be held by the principal. It then granted power as to the principal's real estate in language as follows:

"And also to sell, convey, or mortgage any real estate, or interest therein, and for me and in my name and as my act and deed to sign, seal, execute, and deliver deeds and mortgages or other necessary instruments, as well as to join in deeds of land jointly with others for the sale and conveyance of any interest I may have therein."

Then followed various general provisions not important to this controversy. Thereafter the attorney, Harris Berry, entered into a written contract with the plaintiff in the name of his principal, this defendant, for the exchange of two separate parcels of land, one of which was owned by the defendant and the other not, for a parcel of land owned or supposed to be owned by the plaintiff, and it was provided in said contract that the defendant should "give back a purchase-money first mortgage for the sum of $3,000" on the parcel to be conveyed by the plaintiff. The defendant refused to perform at the appointed time, and the plaintiff has recovered judgment in this action for his damages for the alleged breach of the contract. From that judgment, and an order denying a motion for a new trial, this appeal is taken.

[1] There is but one question involved, and that is as to the power of the agent to bind his principal by the contract in question. As to this, the trial court twice expressed its doubt; but it left it to the

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

jury to determine whether the power of attorney conferred sufficient authority. This was not a question of fact, but one of law, as the instrument was free from ambiguity, and its interpretation was for the court. McNally v. Georgia-Florida Lumber Co., 146 App. Div. 456, 131 N. Y. Supp. 295, and cases cited.

[2, 3] It appeared from the plaintiff's proofs that one of the separate parcels of land which the agent undertook to exchange on behalf of his principal was not owned by the latter. The contract of exchange was entire. Unquestionably a power to the attorney to sell or convey the land of the principal could not be so enlarged by the agent as to enable him to bind his principal to convey land which the principal did not own, for such an extension of power would require plain and unmistakable expression in the grant of authority. Furthermore, even as to the lands of the principal, a power to sell or to convey would not carry with it a power to exchange. Where powers are granted by a principal to an agent in a general language, it is the rule that such powers may be implied as are indispensable to the exercise of the grant of general powers. But this rule does not go to the extent of an implication of a power which may be, in a given case, convenient, though not indispensable. Thus a power to an agent to sell goods for cash or on credit would not authorize the agent to make a contract for the sale of goods for which the whole or part of the consideration was the delivery by the vendee of other merchandise. Block v. Dundon, 83 App. Div. 539, 81 N. Y. Supp. 1114. Thus in Beck v. Donohue, 27 Misc. Rep. 230, 57 N. Y. Supp. 741, an agent who had authority to sell the goods of his principal made an attempted sale for which the consideration was to be a privilege to the principal to use the outer walls of the vendee's building for advertising purposes; but it was held that such agreement was not within the power of sale given to the agent, and did not bind the principal.

[4] The contract here in question implied the idea of a purchase of the plaintiff's lands, for which the consideration was to be in part a conveyance of the defendant's land and in addition the giving of a "purchase-money mortgage" in the sum of $3,000 by the defendant to the plaintiff. The transaction, as to the defendant, was predominantly one of purchase, and the idea of sale was but incidental. The power of attorney did not give the agent any power to purchase real property in the name of his principal, and cannot be so extended according to settled rules of law. Hampton v. Moorhead, 62 Iowa, 91, 17 N. W. 202; McMichael v. Wilkie, 18 Ontario App. 464.

In this case there is no question of ratification. There is no proof that the defendant ever knew of the contract made by the agent, and the jury were so instructed by the trial court. Nor is there any satisfactory evidence that the agent ever received any authority to enter into this transaction, other than that given in the power of attorney.

The judgment and order should be reversed, with costs and disbursements, and the complaint dismissed, with costs. All concur.