AMERICAN CASTYPE CORPORATION, Appellant-Respondent, *v.* NILES-BEMENT-POND COMPANY, Respondent-Appellant.

First Department, July 2, 1943.

*Emil K. Ellis* of counsel (*Martin Conboy* and *David Asch* with him on the brief), for appellant-respondent.

*Justus Sheffield* of counsel (*Philip A. Carroll* with him on the brief; *Shearman & Sterling,* attorneys), for respondent-appellant.

CALLAHAN, J. We find that the construction of the licensing contract and the determination of the meaning of the word

" insolvent " as used therein were improperly submitted to the jury as questions of fact. These questions of construction presented issues of law for determination by the court. Under our common law " insolvent " means inability to meet obligations as they mature in the ordinary course of business. (*Brouwer* v. *Harbeck,* 9 N. Y. 589; *Denike* v. *N. Y. & R. Lime, etc., Co.,* 80 N. Y. 599; *Abrams* v. *Manhattan Consumers Brewing Co.,* 142 App. Div. 392.)

It is clear that plaintiff's predecessor, the licensee, became insolvent within the terms of the licensing contract on or before March 13, 1934, and that the licensing agreement was, therefore, terminated at least from that date. Accordingly plaintiff's predecessor had no right to possession of the chattels involved under the licensing agreement, and could not claim damages for the conversion thereof, except as to property to which it had legal title. Where legal title rested would largely depend upon a determination of the effect of the transactions occurring on or about April 25, 1932, with respect to the modification of clause 11 of the licensing agreement. (See *Sheldon* v. *McFee,* 216 N. Y. 618; *Bragelman* v. *Daue,* 69 N. Y. 69.) As there is a dispute between the parties as to what these transactions consisted of in fact, a prior determination of this dispute is necessary before the legal questions resting thereon may be determined.

Assuming plaintiff's predecessor had legal title to some or all of the goods in existence before April 6, 1932 (referred to on the trial as property in the " first classification "), a second issue would exist as to whether the defendant's predecessor wrongfully exercised dominion over said property. The alleged wrongful exercise of dominion complained of is said to have occurred when defendant's predecessor executed a bill of sale dated May 1, 1935, to a company known as Lynch Corporation. This document purports to convey all of the right, title and interest of defendant's predecessor. In its recitals it refers to certain property constructed by or for plaintiff's predecessor, and to material exclusively applicable to and necessary for the production of Castype machines. Whether this reference is to property in existence before April 6, 1932, or that coming into existence thereafter is not entirely clear. If the defendant's predecessor purported to convey only its right, title and interest to property which it manufactured, or upon which it held a lien, no conversion would result. Upon the interpretation of this recital may depend the question as to whether defendant's predecessor's conduct in connection with the

removal of property, title to which was in plaintiff's predecessor, from its plant in May, 1935, amounted to a participation in such taking and thus an exercise of dominion.

As to the goods manufactured by the defendant's predecessor under the contract of April 6, 1932 (referred to upon the trial as the goods in the " second classification "), we find that the defendant had title thereto, and that its conduct with respect thereto did not amount to a conversion. Therefore, the complaint was properly dismissed as to the goods in this classification.

Assuming that any of the goods in the first classification were converted by defendant's predecessor, we find that the value placed thereon, upon the present trial, was grossly excessive. This property, which consisted of drawings, models and tools, had become obsolete by reason of the changes made in the machine involved in connection with the manufacture of same in quantity. Thereafter the old drawings, models and tools were valueless commercially in the hands of plaintiff's predecessor, a licensee which had lost its license. Under such circumstances, the cost thereof would not be a fair measure of their worth. We cannot hold, however, that nominal damages would suffice to compensate plaintiff, for the property may have had some substantial value even as junk.

The judgment so far as appealed from by defendant should be reversed, and a new trial ordered, with costs to defendant-appellant to abide the event.

Martin, P. J., Townley, Untermyer and Dore, JJ., concur.

Judgment, so far as appealed from, unanimously reversed and a new trial ordered, with costs to the defendant-appellant to abide the event.