MABEL LA ROCCO et al., Respondents, v. JOHN G. ZELTMANN et al., Appellants. — Action by plaintiff wife to recover damages for personal injuries and by her husband for expenses and loss of services. The plaintiff wife claimed that she fell on the wooden stoop in front of her house because of an oily slime that she claimed was formed when rain fell on the steps which had been painted five months previously, although in dry weather the surface of the steps was satisfactory for its purpose. Judgment entered on the verdict of a jury in favor of plaintiffs reversed on the law and the facts, with costs, and the complaint dismissed on the law, with costs. No actionable negligence was established. Carswell, Adel, Lewis and Aldrich, JJ., concur; Close, P. J., concurs as to reversal of the judgment but dissents as to dismissal of the complaint and votes to grant a new trial, on the ground that although the verdict is against the weight of the evidence a question of fact is presented which should be passed upon by a jury on the basis of all the evidence, including the testimony of experts as to whether the condition claimed by the plaintiffs to exist is chemically possible.

OLE N. B. PEDERSEN, Respondent, v. STOCKARD STEAMSHIP CORP., Appellant.— This is an action by a longshoreman to recover damages for injuries suffered by him as the result of a drum of gasoline falling through the hatch of a vessel into the hold where he was engaged in storing cargo. The accident was caused by the failure of the winches to hold the load. The claimed defects were a frozen foot brake and failure of steam pressure. The defendant was the general agent of the United States, the owner of the vessel, under an agreement which required the defendant to equip, victual, supply and maintain the vessel, and it had generally the duty to inspect, supervise, maintain and repair the vessel and its equipment. The agreement is plain and unambiguous and modifies the general agent's authority in many particulars. The master and crew were under the sole control of the owner. Notwithstanding the fact that the agency agreement lacked any ambiguity, the learned trial court in its charge left it to the jury to find as a question of fact whether the agreement modified in any way the authority of the general agent. This was error requiring reversal and a new trial. (*First National Bank* v. *Dana*, 79 N. Y. 108, 116; *Dwight et al.* v. *Germania Life Ins. Co.*, 103 N. Y. 341, 353; *Brady et al.* v. *Cassidy*, 104 N. Y. 147, 155; *Forman* v. *Berry*, 163 App. Div. 594, 596.) This case is distinguishable from *Brady* v. *Roosevelt S. S. Co.* (317 U. S. 575) by the fact that the contract in the *Brady* case required the agent to man and operate the vessel, hence it was liable for the negligence of the crew. Here the agent's responsibility required it to furnish appliances which were suitable for the work they were designed to perform and free from defects. If the accident happened not because of defective appliances but because of negligence of the crew in not furnishing sufficient steam at the boiler, then the defendant is not responsible. (*Murray* v. *American Export Lines*, 53 F. Supp. 861.) Judgment reversed on the law and a new trial granted, with costs to abide the event. The court has examined the questions of fact and has determined that it would not grant a new trial upon those questions. Close, P. J., Carswell, Adel, Lewis and Aldrich, JJ., concur.