■ ARTHUR LEE et al., Respondents, v. MOUNT IVY INDUSTRIAL DEVELOPERS, INC., Appellant.— In a negligence action to recover damages for personal injuries, medical expenses and loss of consortium, defendant appeals from a judgment of the Supreme Court, Rockland County, entered January 30, 1968 in favor of plaintiffs upon a jury verdict. Judgment reversed, on the law, and new trial granted, with costs to abide the event. The findings of fact below are affirmed. In this case, one of the critical issues between the parties was defendant's control of the area in which the plaintiff wife was injured. After having retired at 12:35 P.M. upon the conclusion of the trial court's charge, the jury returned at 3:00 P.M. and requested and received a repetition of the instructions on control, as given in the charge. At about 5:20 P.M. the jury reported by note which stated, in part, " We are at odds on the definition of control and would appreciate further clarification ". The trial court refused to give further instructions upon the ground that no further explanation could be made as the jury had already been given everything possible as to the law, and ruled that the jury would have to proceed on what they had before them. After returning at 7:30 P.M. for the reading of a witness' deposition, at 8:25 P.M. the jury finally rendered an 11-1 verdict in favor of plaintiffs. In our opinion, it was reversible error to refuse to charge the jury on the issue of control when the members indicated, after twice having heard the original instructions thereon, that they still did not comprehend the guidelines on which they were to arrive at a verdict. Under the circumstances, the jury was relegated to its own course of procedure, without guidance from the court, in evaluating the ultimate facts to be deduced from the evidence in the light of the controlling principles of law. As we view it, the jury's note to the court manifested a lack of understanding as to the application of the principles of control to the facts in issue; and the resultant verdict may not properly be left to stand since it rests upon no proper foundation of comprehension or instruction (*Sowell* v. *Laurie*, 26 A D 2d 923; cf. *Sansivero* v. *Garz*, 20 A D 2d 723). When members of a jury are confused and desire enlightenment on a closely contested issue, they should be instructed upon the subject matter upon which they inquire (*Futoransky* v. *Nassau Elec. R. R. Co.*, 169 App. Div. 719, 725–726). This is particularly so here, for the original instructions concerning the issue of control were not explicit and imposed on the jury the task of construing the provisions of the lease and assaying their effect on the issue — a task which properly belonged to the court and ought to have been performed by a charge as to the meaning and effect of the lease (cf. *Pedersen* v. *Stockard S.S. Co.*, 268 App. Div. 992; *American Castype Corp.* v. *Niles-Bement-Pond Co.*, 266 App. Div. 557; *Forman* v. *Berry,* 163 App. Div. 594). Further aggravating error occurred when by inadvertence the written lease between defendant, as landlord, and plaintiff wife's employer, as tenant, in unredacted form, was given to the jury. While

under the charge as given, the consideration of the terms of the lease on the issue of control was a matter for determination by the jury, by agreement of counsel the references therein contained as to defendant's insurance was to be deleted. Thus, the result was that the jury in effect examined documentary material not in evidence, conduct which constitutes error if the material is deemed prejudicial (*Matter of Roberts*, 246 App. Div. 87; *Long* v. *Payne*, 198 App. Div. 667). The unredacted clause provided that the tenant was to carry, at its own expense, liability insurance on the demised premises for the protection of the landlord in limits of $100,000—$300,000. The knowledge of the presence of insurance in favor of defendant could well have entered into the deliberations of the jury and influenced its verdict against defendant. In the perspective of this case, therefore, the delivery of the lease in an unredacted form to the jury, even though inadvertent, was error. Christ, Acting P. J., Hopkins, Munder and Martuscello, JJ., concur; Rabin, J., dissents and votes to affirm the judgment.